RICHARD L. HOLMES,
Retired Appellate Judge.
Fred Bell filed and recorded a statement of lien in the amount of $10,800 in the Probate Court of Lee County. Bell recorded this lien for general contract work which, he claimed, he performed on a house built by Kennedy Co-Op, Inc. (Kennedy).
Thereafter, Kennedy filed a petition for transfer of lien to the circuit court. Bell answered this petition and filed a complaint for work and labor performed on the subject house and for enforcement of the lien.
A non-jury trial was held. After the trial the trial court issued a judgment in favor of Bell in the amount of $6,000.
Kennedy appeals. We affirm.
On appeal Kennedy contends that the judgment of the trial court is contrary to the weight and sufficiency of the evidence and is due to be reversed and the cause remanded for a new trial.
It is well settled that in a non-jury case, the trial judge is the finder of fact, and a presumption of correctness attaches to his findings and to the judgment based on these findings. Clardy v. Capital City Asphalt Co., 477 So.2d 350 (Ala.1985). The resulting judgment will not be disturbed on appeal unless it is manifestly unjust, palpably wrong, or without supporting evidence. Clardy, 477 So.2d 350.
We have reviewed the record on appeal. Nothing would be added to this opinion by reciting the facts. Suffice it to say that there was conflicting evidence presented in this case. However, it was the responsibility of the trial judge to listen to the evidence presented ore tenus, to resolve the conflicts in this evidence, and to enter a judgment. Johnson v. Johnson, 597 So.2d 699 (Ala.Civ.App.1991).
The order of the trial court provides in pertinent part:
“The issue is whether [Bell] was an employee of [Kennedy] or a ‘partner,’ and whether [Bell] performed any labor on the property for which he is entitled to com *19 pensation. The evidence is in great conflict!
“The legal status of [Bell] is not clear but as best the court can tell [Bell] would be considered a general contractor. Evidence shows that work and labor was done for benefit of [Kennedy] in the total amount of $6,000.00. This is based on [Bell’s] testimony that he expected to be paid as he was on another house built with [Kennedy].”
Our review of the record reveals that there was evidence to support the trial court’s findings and the resulting judgment in this case. Therefore, this ease is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.