On January 16, 1996, Lee Roger Walker filed a complaint in the Montgomery County Circuit Court, domestic relations division, seeking a divorce from Gwendolyn Dianne Walker. The wife answered and counterclaimed, seeking a divorce, custody of the parties' three minor children, child support, retroactive child support pursuant to § 30-3-110, Ala. Code 1975, a portion of the husband's retirement benefits, and periodic alimony. *Page 59 
At trial the judge ruled from the bench that pursuant to § 30-3-110, Ala. Code 1975, the wife had to file a separate action to recover retroactive child support. Thereafter, the trial court entered a judgment, finding that the parties entered into a common-law marriage in 1976 and that they had a ceremonial marriage in 1985. The trial court awarded the wife custody of the minor children and the marital home. Each party was awarded the personal property and furnishings in his or her possession. The trial court ordered the husband to pay, among other things, $300 per month periodic alimony, $898 per month child support, and the debts of the marriage. The trial court specifically found as follows:
 "[I]nsufficient evidence was presented for the Court to make proper determination of any interest the wife might be entitled to in the husband's retirement benefits in accordance with § 30-2-51, [Ala. Code 1975], and the Court, therefore, makes no award to the wife of any property settlement in the husband's right to retirement benefits. The Court has, however, considered the fact that the husband does have retirement benefits with regard to the other property awards in this cause."
After the trial the wife's attorney wrote a letter to the trial court, requesting the trial court to reconsider its ruling on the wife's counterclaim for retroactive child support. The trial court treated the letter as a motion for a new trial, which it denied.
The wife appeals, raising two issues: whether the trial court erred in holding that § 30-3-110, Ala. Code 1975, requires the filing of a separate action for retroactive child support and whether the trial court erred in holding that she failed to present sufficient evidence to prove her entitlement to a portion of the husband's retirement benefits, pursuant to §30-2-51, Ala. Code 1975.
When the trial court is presented evidence ore tenus, its determination is presumed correct and will not be disturbed on appeal unless it is so unsupported by the evidence as to be plainly and palpably wrong or unless an abuse of the trial court's discretion is shown. Nicholas v. Nicholas,464 So.2d 527 (Ala.Civ.App. 1985). However, the ore tenus rule does not apply to questions of law, such as in this case. Peacock v.Houston County Bd. of Education, 653 So.2d 308
(Ala.Civ.App. 1994).
In 1994 the legislature created a "civil action to establish an order of retroactive support which may be brought against a nonsupporting parent who has a duty to support as the legal parent of a child or children but has failed to provide support." § 30-3-110, Ala. Code 1975. That section also provides:
 "The action may be brought by the parent or guardian with physical or legal custody who is providing the actual care and support for the child or may be brought by the Department of Human Resources pursuant to the provisions of Section 38-10-1 et seq. An action under this section can be brought only if support has not previously been ordered pursuant to a divorce or other action in this or any other jurisdiction."
An action for retroactive child support "shall be filed in the juvenile or family court division of the district or circuit court in the county in which the parent or guardian resides or in the county in which the child resides." §30-3-112. These provisions became effective on March 18, 1994.
Our supreme court has held the following:
 "The fundamental rule of statutory construction is to ascertain and give effect to the intent of the legislature in enacting the statute. Words used in a statute must be given their natural, plain, ordinary, and commonly understood meaning, and where plain language is used a court is bound to interpret that language to mean exactly what it says. If the language of the statute is unambiguous, then there is no room for judicial construction and the clearly expressed intent of the legislature must be given effect. Tuscaloosa County Comm'n v. Deputy Sheriffs' Ass'n of Tuscaloosa County, 589 So.2d 687 (Ala. 1991)."
IMED Corp. v. Systems Engineering Assoc., 602 So.2d 344, 346
(Ala. 1992).
Section 30-3-112 confers jurisdiction to hear actions for retroactive child support *Page 60 
on the juvenile or family court division of the district or circuit court in the county where the parent or the child resides. This case was filed in the domestic relations division of the Montgomery County Circuit Court; therefore, the question for this court to decide is whether the domestic relations division of a circuit court has jurisdiction to hear a counterclaim seeking retroactive child support.
In discussing the creation and maintenance of the divisions of a circuit court, our supreme court has held the following:
 "Any circuit court has the power to hear both legal and equitable issues, as provided for in the merger of law and equity effected by the adoption of the Alabama Rules of Civil Procedure in 1973. Ex parte Reynolds, 436 So.2d 873, 874 (Ala.[1983]); Rule 2, A.R.Civ.P. Each division within the circuit court may hear certain types of cases that are not heard by judges sitting within the other divisions of the same circuit court, in order to promote judicial economy and to speed the disposition of cases, as long as the segregation of cases among the divisions of a circuit court does not run afoul of the Constitution and the laws of Alabama. Thus, circuit courts in our larger judicial circuits may have civil, criminal, juvenile, and family court or domestic relations divisions, if such divisions are lawfully established and maintained.
". . . .
 "Creation of a division within each circuit court to hear matters exclusive to that division means that only certain judges within a circuit court will decide those matters germane to a division. Each circuit court as a whole has jurisdiction over equitable matters, . . . just as each circuit court has jurisdiction over civil, criminal, and juvenile matters. . . . Jurisdiction over divisional matters is still vested in the entire circuit court; a judge receiving a case that belongs in another division may transfer that case to the proper division, but if the transfer is not made, the original judge still retains jurisdiction over the case."
Ex parte Boykin, 611 So.2d 322, 325-26 (Ala. 1992).
Additionally, in Rule 13, Ala. R. Civ. P., our supreme court provided for the filing of compulsory or permissive counterclaims. That rule provides:
 "(a) Compulsory Counterclaims. A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction. . . . In the event an otherwise compulsory counterclaim is not asserted in reliance upon any exception stated in paragraph (a), relitigation of that claim may be barred by the doctrines of res judicata or collateral estoppel by judgment in the event certain issues are determined adversely to the party electing not to assert the claim.
 "(b) Permissive Counterclaims. A pleading may state as a counterclaim any claim against an opposing party not arising out of the transaction or occurrence that is the subject matter of the opposing party's claim."
Accordingly, we conclude that the wife's counterclaim for retroactive child support was a compulsory counterclaim and that although both the divorce action and the wife's counterclaim were filed in the domestic relations division of the Montgomery County Circuit Court, that court was vested with jurisdiction to hear the matter. Ex parte Boykin. We also conclude that, because the trial court did not transfer the wife's counterclaim to the juvenile or family court division, the trial court retained jurisdiction over the counterclaim, the trial court erred in ruling that the wife had to file a separate action, and the trial court erred in denying the wife's motion for a new trial.
The wife also argues that the trial court erred in denying her a portion of the husband's retirement benefits.
In 1995 our legislature amended § 30-2-51, Ala. Code 1975, effective January 1, 1996, to address the division of a spouse's retirement *Page 61 
benefits. Section 30-2-51(b) and (c) state:
 "(b) The judge, at his or her discretion, may include in the estate of either spouse the present value of any future or current retirement benefits, that a spouse may have a vested interest in or may be receiving on the date the action for divorce is filed, provided that the following conditions are met:
 "(1) The parties have been married for a period of 10 years during which the retirement was being accumulated.
 "(2) The court shall not include in the estate the value of any retirement benefits acquired prior to the marriage including any interest or appreciation of the benefits.
 "(3) The total amount of the retirement benefits payable to the non-covered spouse shall not exceed 50 percent of the retirement benefits that may be considered by the court.
 "(c) If the court finds in its discretion that any of the covered spouse's retirement benefits should be distributed to the non-covered spouse, the amount is not payable to the non-covered spouse until the covered spouse begins to receive his or her retirement benefits or reaches the age of 65 years, unless both parties agree to a lump sum settlement of the non-covered spouse's benefits payable in one or more installments."
Pursuant to § 30-2-51(b), a trial court has discretionary authority, if the conditions of § 30-2-51(b)(1), (2), and (3) are met, to include the present value of any current or future retirement benefits that a spouse has a vested interest in or is receiving. In this case, the husband testified that he has worked for the City of Montgomery for 21 years and that he is covered by a retirement plan. He also testified that he did not know the value of his retirement plan.
After reviewing the record, we conclude that the wife failed to present evidence of the present value of the husband's future retirement benefits and that his right to those benefits is vested. Therefore, we conclude that the trial court did not abuse its discretion in refusing to award the wife a portion of the husband's retirement benefits.
We reverse the order of the trial court denying the wife's motion for a new trial and remand this case to the trial court for the determination of the amount of retroactive child support, if any.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala. Code 1975.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
MONROE and THOMPSON, JJ., concur.
ROBERTSON, P.J., and YATES and CRAWLEY, JJ., concur in the result.