This is the second time this case has been before this court. See Stephens v. Stephens, 680 So.2d 329 (Ala.Civ.App. 1996) ("Stephens I "). In Stephens I, Charles H. Stephens had *Page 195 
appealed from a $65,872.25 judgment in favor of Helen Stephens, in her capacity as successor trustee of an inter vivos trust created by her husband, Roger Stephens, Charles's brother. The issue before this court was whether certain testimony of the trustee, John Sudderth, should have been considered by the trial court in reaching its judgment. Id.
The facts were as follows. Sudderth served for a number of years as trustee. Upon his resignation in 1994, he filed with the court a final accounting, which showed that Charles had made payments totaling $32,000 on a $60,000 promissory note, with $7,500 being applied to the interest and the remaining $24,500 being applied to the principal. The accounting also included a "Reconciliation of Principal and Interest on Note," which stated that the net principal due on the note was $35,500; that the interest due on the note was $27,500; and that the total amount due on the note was $62,500. When Sudderth resigned as trustee the note was in default. The trial court approved Sudderth's final accounting and resignation and appointed Helen as successor trustee. Helen sued Charles to recover on the note, alleging that the note was in default in the amount of $60,515.84, plus interest. Id.
At trial Sudderth was permitted to testify, over Helen's objection, regarding an oral modification of the payment terms of the promissory note and the accounting method he had used as trustee. He explained the modified payment terms and how he had applied interest payments to a note that was in default. He stated that when he had resigned as trustee only $35,500 was actually left owing on the note. The trial court permitted this testimony; however, it expressly stated in its order that it had refused to consider Sudderth's testimony, because of the Dead Man's Statute, and that it had also relied upon the parol evidence rule and the Statute of Frauds in awarding its $65,872.25 judgment to Helen. We held that the trial court had erred in refusing to consider Sudderth's testimony, reversing the judgment, and remanding the case for the trial court to consider Sudderth's testimony before entering its judgment.Id., at 334. On remand, the trial court, on September 6, 1996, entered a judgment in favor of Helen for $33,872.25; Helen appeals. This case was transferred to this court by the supreme court, pursuant to § 12-2-7(6), Ala. Code 1975.
Helen first argues that the trial court's judgment is not supported by the evidence; we agree.
 "It is well settled that in a non-jury case, the trial judge is the finder of fact, and a presumption of correctness attaches to his findings and to the judgment based on these findings. The resulting judgment will not be disturbed on appeal unless it is manifestly unjust, palpably wrong, or without supporting evidence."
Kennedy Co-Op, Inc. v. Bell, 644 So.2d 18, at 18 (Ala.Civ.App. 1994) (citation omitted). Sudderth testified that at the time he resigned as trustee the note was in default and that $35,500 was actually left owing on it. Further, Charles concedes on appeal that the amount of the judgment should be $35,500 and that that amount is supported by the evidence in this case. Additionally, the issues of an attorney fee award and an award of interest were before the trial court; however, we cannot discern from the trial court's judgment if it considered these issues.
We, therefore, conclude that the trial court's $33,872.25 judgment on remand is not supported by the evidence. We must, therefore, reverse the judgment and remand the case for the trial court to enter a judgment in favor of Helen in the amount of $35,500, plus any attorney fee and interest that it may determine to be appropriate.
Helen next contends that this court's opinion in Stephens I, and the trial court's subsequent judgment on remand, have permitted an impermissible collateral attack upon the trial court's final judgment of accounting entered on September 15, 1994.[1] Our review of the record indicates that this *Page 196 
issue was not raised in the trial court. It is well established that an appellate court will not consider an argument raised for the first time on appeal; its review is limited to evidence and arguments considered by the trial court. Abbott v. Hurst,643 So.2d 589 (Ala. 1994).
Finally, Helen argues that this court erred in reversing and remanding Stephens I for the trial court to consider Sudderth's testimony before entering its judgment. However, Helen, inStephens I, failed to file with this court an application for rehearing, pursuant to Rule 40, Ala.R.App.P., or a proposed statement of facts, pursuant to Rule 39(k), Ala.R.App.P., which would have been the proper course to take in seeking a review of a decision of this court. We, therefore, will not revisit our earlier disposition of the issues relating to the Dead Man's Statute, the parol evidence rule, and the Statute of Frauds.
 "Under the doctrine of the 'law of the case,' whatever is once established between the same parties in the same case continues to be the law of that case, whether or not correct on general principles, so long as the facts on which the decision was predicated continue to be the facts of the case."
Blumberg v. Touche Ross Co., 514 So.2d 922, 924 (Ala. 1987).
Helen's request for an attorney fee on appeal is granted in the amount of $1,500.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and MONROE, CRAWLEY, and THOMPSON, JJ., concur.
[1] We note that Sudderth's testimony regarding his final accounting was simply offered in order to explain an oral modification of the payment terms of the promissory note made between Roger, Charles, and Sudderth; the method of accounting he used as trustee; and the amount actually owed on the note. Sudderth's testimony in no way attacks the final accounting.