This is the third time this case has been before this court. For a factual and procedural history of this case see Stephens v.Stephens, 680 So.2d 329 (Ala.Civ.App. 1996) ("Stephens I") andStephens v. Stephens, 699 So.2d 194 (Ala.Civ.App. 1997)("Stephens II").
In Stephens II, this court reversed the judgment of the trial court and remanded the case for the court to enter a judgment in the amount of $35,500, plus any attorney fees and interest that it deemed appropriate, in favor of Helen Stephens, and against Charles Stephens. On remand, the trial court entered a $35,500 judgment in favor of Helen; awarded $7,251.12 in interest; and awarded an attorney fee of $9,549.15, plus the $1,500 fee that this court had awarded Helen pursuant to her request for an attorney fee on appeal. Charles moved the court to alter, amend, or vacate the judgment. The court denied the motion on October 21, 1997. Charles appeals.
Charles first contends that the court erred in requiring him to make a lump-sum payment of $35,500, which represents the balance owed on the note. The parties modified the payment terms of the note and agreed that no payments were due on the note until the Birmingham project realized a profit and that then the first $500 of any payment would be applied to interest, with the remainder being applied to the principal. See Stephens I, supra. He contends that because the note is to be paid only from profits realized from the project, the note is not in default and, he says, he has not waived his right to make payments on the note pursuant to the modification. This argument is without merit.
In Stephens I, Charles presented the testimony of John Sudderth and sought to have it considered by the trial court. That was the basis of the first appeal. Sudderth testified that the note was in default and that $35,500 was actually owed on the note, rather than the $60,515.84 that Helen claimed was owed. Id. In StephensII, Charles, in fact, conceded on appeal that the amount of the judgment should be $35,500 and that that amount was supported by the evidence. At no time before our remand of Stephens II did Charles make the argument that he now makes. When we issued our opinion in Stephens II remanding the case, Charles did not file an application for rehearing, pursuant to Rule 40, Ala. R.App. P., nor did he file a proposed statement of facts, pursuant to Rule 39 (k), Ala. R.App. P. It is abundantly clear from StephensI and Stephens II that the note is in default, that $35,500 is owed, and that that became the "law of this case."
 "`Under the doctrine of the `law of the case,' whatever is once established between the same parties in the same case continues to be the law of that case, whether or not correct on general principles, so long as the facts on which the decision was *Page 56 
predicated continue to be the facts of the case.'"
Stephens II, 699 So.2d at 196, quoting Blumberg v. Touche Ross Co., 514 So.2d 922, 924 (Ala. 1987).
Charles next contends that the court erred in awarding Helen interest and an attorney fee. The portions of Charles's appellate brief addressing this issue fail to comply with Rule 28, Ala. R.App. P. Charles fails to cite any relevant authority in support of his position. Rule 28 (a)(5), Ala. R.App. P., provides that each appellate brief shall contain an argument and that that argument "shall contain the contentions of the appellant with respect to the issues presented, and the reasons therefor, with citations to the authorities, statutes and parts of the record relied on."
Accordingly, the judgment of the trial court is due to be affirmed.
Helen's request for an attorney fee on appeal is granted in the amount of $1,000.
AFFIRMED.
ROBERTSON, P.J., and MONROE, CRAWLEY, and THOMPSON, JJ., concur.