On March 23, 2000, Claudia Kay Wilkinson sued Bernard Schroder Wilkinson for a divorce, alleging incompatibility of temperament and an irretrievable breakdown of the marriage. The husband answered *Page 926 
and counterclaimed, seeking alimony and an equitable division of the marital property. After conducting an ore tenus proceeding, the court, on February 5, 2001, entered a judgment divorcing the parties. The judgment stated, in part:
 "3. The parties jointly own real estate located at [description omitted]. The husband shall convey to the wife all of his right, title and interest in and to the above-described real estate by appropriate deed. The wife shall be responsible for and pay the mortgage indebtedness owed on the property, indemnifying [the] husband and holding him harmless thereon.
 "4. The wife shall pay to the husband as periodic alimony the sum of Four Hundred and No/100 ($400.00) Dollars per month beginning [March 1, 2001], and on the first day of each month thereafter. The wife's obligation hereunder shall terminate upon the first to occur of the following events: the husband's death, the husband's remarriage, the husband's commission of those acts contemplated in Section 30-2-55, [Ala. Code 1975], or as otherwise provided by law.
 "For so long as the wife has an alimony obligation to [the] husband set out in the paragraph above, the wife shall provide and maintain at her sole expense not less than Fifty Thousand and No/100 ($50,000.00) Dollars of insurance on her life naming the husband as beneficiary. The wife shall take no action to diminish or encumber the death benefits payable to the husband as provided for herein, and shall provide to the husband proof of continuing coverage at reasonable intervals. This provision constitutes [the] wife's consent for the husband to obtain such proof directly from the insurance company.
 "5. The wife is vested with full possession, right, and title to all household furniture, furnishings, goods, wares, and appliances of the parties located at . . . and the husband is divested of any interest therein, except that the husband shall have full possession, right, and title, to the following items:
". . . .
 "6. The 1992 [Chrysler LeBaron] automobile is awarded to the Wife, and the husband is divested of any and all interest he may have therein.
 "7. Except as otherwise provided herein, each party shall be responsible for paying his or her debts.
 "8. Each party shall take their respective bank accounts in their possession and under their control."
The husband filed a postjudgment motion, arguing that the trial court's award of alimony and its division of the marital property were inequitable. The trial court, on February 27, 2001, amended its final judgment, stating:
 "1. That the [husband's] motion is DENIED except that paragraph 3 of the final judgment of divorce is extended to correct a scrivener's error. The following is hereby added: In the event the wife moves, sells or otherwise transfers the property, or predeceases [the] husband, the husband shall receive one-half (1/2) of the then net equity of the house with the wife receiving the balance."
The husband appeals.
In reviewing a judgment of the trial court in a divorce case, where the trial court has made findings of fact based on oral testimony, we are governed by the ore tenus rule. Under this rule, the trial court's judgment based on those findings will be presumed correct and will not be disturbed on appeal unless it is plainly and *Page 927 
palpably wrong. Hartzell v. Hartzell, 623 So.2d 323 (Ala.Civ.App. 1993). Matters of alimony and property division are interrelated, and the entire judgment must be considered in determining whether the trial court abused its discretion as to either of those issues. Willing v. Willing,655 So.2d 1064 (Ala.Civ.App. 1995). In Kluever v. Kluever, 656 So.2d 887
(Ala.Civ.App. 1995), this court stated,
 "Although this court is not permitted to substitute its judgment for that of the trial court, this court is permitted to review and revise the trial court's judgment upon an abuse of discretion.
 "The purpose of periodic alimony is to provide financial support for the recipient spouse, and it may be modified in the future, based upon changed circumstances. The trial court may consider many factors when awarding alimony, including: (1) the length of the marriage, (2) the conduct of the parties regarding the cause of the divorce, (3) the ability of each spouse to earn income, (4) the ages . . . and health of the parties, (5) their future prospects and station in life, (6) the parties' education, experience, and job histories, (7) the recipient spouse's financial needs, and (8) the ability of the payor spouse to respond to these needs."
Id. at 889-90 (citations omitted).
The record indicates the husband was 68 years old and the wife was 57 years old at the time of the trial, and that they married in 1985, and separated in 2000, after a 15-year marriage. The husband was declared legally blind in 1982 and was receiving Social Security disability benefits at the time of the marriage. He currently receives $834 per month in disability benefits and he has no other source of income; although he worked before becoming disabled, he never accumulated a retirement fund or pension benefits. The wife earns approximately $55,200 per year; she receives an additional $300 per month in rental income from her mother; and she has a retirement account valued at $105,000.
The wife testified that the husband drank excessively during the first seven years of the marriage; however, according to both parties, the husband has been sober since 1993. She stated that the husband still has a problem with controlling his temper and that he had been seeing a counselor for anger management. She stated that she sold her townhouse and used the $9,000 equity along with $12,000 from her IRA to purchase the marital residence. She stated that the husband had contributed to the marital residence by paying for siding, a carport, and painting, and that he gave her $6,000 to use on the house when he received an inheritance. She further stated that the husband had been a beneficiary on her life insurance policy with a face amount of $110,000, however, she said that after she filed her divorce complaint she made her mother the beneficiary. She also stated that she had been providing the husband with health insurance through her employer; however, she had canceled the husband's coverage, without informing him.
The husband testified that he gave the wife $500 each month toward the household expenses, from his disability income; that he had received $41,000 from an inheritance in 1992 and had spent $6,000 toward improvements on the marital residence and that he had given the wife $4,500 for her personal use. He stated that he did not know that he had been removed from the wife's health insurance policy until he attempted to obtain a refill on his prescription medicine and was denied the coverage. He stated that he subsequently paid the wife $173 to cover his portion of the health insurance; however, *Page 928 
according to the husband, the wife had not reinstated his coverage. He stated that he currently owed $5,000 for his hearing aids and that they would have been partially covered under the wife's health insurance and that he needed health insurance to cover his prescriptions. The husband also submitted an exhibit indicating that his estimated living expenses were $1,998 per month, and he testified that he owed approximately $20,000 in credit-card debt.
Both parties contributed to the breakdown of the marriage. The husband admitted that he cursed at the wife and had problems controlling his anger; the wife admitted that she had purposely locked the husband out of the marital residence on at least 15 occasions and that she had also placed his clothing out on the porch because she had wanted him out of the house.
In Grice v. Grice, 673 So.2d 772, 774 (Ala.Civ.App. 1995), this court stated, "No fixed standards or mathematical formulae govern the determination of alimony or the division of property." Rather, the trial court should consider many factors, including the health, age, and earning capacity or financial resources for both parties. Id. After thoroughly reviewing the record, we conclude that the trial court erred in failing to adequately consider the length of the parties' marriage, the husband's age and disability, the husband's lack of financial resources, and the income disparity between the parties. The trial court's award of $400 per month in periodic alimony, as compared to the wife's income of over $4,000 per month, "runs counter to the generally accepted purpose of alimony which is to preserve the economic status of the parties as it existed during the marriage." Grice, at 775; O'Neal v.O'Neal, 678 So.2d 161 (Ala.Civ.App. 1996).
In addition, we conclude that the trial court abused its discretion by not awarding the husband any interest in the wife's retirement fund. InG.K.M. v. E.B.M. 728 So.2d 1102 (Ala.Civ.App. 1998), writ quashed, Exparte G.K.M., 728 So.2d 1105 (Ala. 1998), this court reversed a trial court's judgment that failed to award a wife any interest in her spouse's retirement plan. We stated, in part, "An interest in a retirement account is an asset that may be considered in effecting an equitable property division." In this case, the husband has no retirement benefits, but the wife has a retirement fund, valued at over $105,000, that was partly accumulated during the parties' 15-year marriage.
Last, we conclude that the trial court erred in failing to require that the wife provide continued health-insurance coverage for the husband or, at a minimum, that she be required to provide COBRA benefits, which would allow the husband 36 months of health-insurance coverage. See King v.King, 693 So.2d 512 (Ala.Civ.App. 1997).
We reverse the trial court's judgment and remand the case for the trial court to enter a more equitable order consistent with the holding in this opinion, being mindful of the age and health of the parties in its award of alimony and retirement benefits. See Courtright v. Courtright,757 So.2d 453 (Ala.Civ.App. 2000), and Turner v. Turner, 804 So.2d 1118
(Ala.Civ.App. 2001).
The wife's request for an attorney fee on appeal is denied and the husband's request for an attorney fee is granted, in the amount of $1,000.
REVERSED AND REMANDED.
Crawley, Thompson, Pittman, and Murdock, JJ., concur. *Page 929