On Application for Rehearing
The opinion of December 12, 2003, is withdrawn, and the following is substituted therefor.
This is the second time these parties have been before this court. See Wilkinson v. Wilkinson, 828 So.2d 924 (Ala.Civ.App. 2001) ("Wilkinson I"). In Wilkinson I, this court reversed the trial court's divorce judgment insofar as it failed to order the wife to provide the husband continued health-insurance coverage, failed to award the husband any portion of the wife's retirement *Page 2 
benefits, and failed to order the wife to pay sufficient alimony to the husband. On remand, the trial court entered an order modifying its alimony award but failing again to require the wife to provide continued health insurance for the husband or to divide the wife's retirement benefits. The husband appeals, arguing that the trial court is in error for failing to comply with the mandate of this court in Wilkinson I.
The trial court entered a lengthy order on remand, which stated, in part:
 "2. This Court on remand, as in the original trial, denies the husband's request to divide the wife's retirement. This Court is well aware of the Court of Appeals' instructions herein and is not ignoring that mandate. However, this court must apply the law to the facts presented AND THE HUSBAND FAILED TO MEET THE EVIDENTIARY BURDEN IMPOSED BY § 30-3-51(b), Code of Alabama (1975).
 "The wife has a retirement plan with a vested sum of $105,000. . . . She was hired December 1964 and vested February 1965. . . . These parties married in 1985. [Section] 30-2-51(b)(2) prohibits this Court from awarding `the value of any retirement benefits acquired prior to the marriage, including any interest or appreciation of the benefits.' This Court is unable to find one word of evidence concerning this critical factor. Without such proof, any award is error. DuBois v. DuBois, 714 So.2d 308
(Ala.Civ.App. 1998). And a remand is not an opportunity for a party to retry a case to present evidence he should have presented the first time.
 "3. With regard to health insurance, this court is again faced with a dilemma. This Court knows generally the availability of COBRA coverage and related issues. (Carter v. Carter, 666 So.2d 28
(Ala.Civ.App. 1995), presumption that trial court knows the law).
 "There is (and was) absolutely no evidence before this court that any insurance was available to [the] husband through the wife's efforts or employment. While previous coverage existed, it had been terminated. The Husband's projected budget . . . includes an amount for health insurance premiums and that entry has been considered in addressing the periodic alimony needs."
(Capitalization and emphasis in original.)
Regardless of the trial court's belief that its original decision was correct, its duty on remand was to comply with the mandate in Wilkinson I. See Ex parte Jones, 774 So.2d 607, 608
(Ala.Civ.App. 2000).
 "`On remand, the issues decided by the appellate court become [the] law of the case and the trial court's duty is to comply with the appellate mandate "according to its true intent and meaning, as determined by the directions given by the reviewing court." Ex parte Alabama Power Co., 431 So.2d 151[, 155] (Ala. 1983) [(quoting 5 Am.Jur.2d, Appeal and Error, § 991 (1962))]. When the mandate is not clear, the opinion of the court should be consulted. See Cherokee Nation v. Oklahoma, 461 F.2d 674 (10th Cir.), cert. denied, 409 U.S. 1039, 93 S.Ct. 521, 34 L.Ed.2d 489 (1972).'
 "Walker v. Carolina Mills Lumber Co., 441 So.2d 980, 982 (Ala.Civ.App. 1983) (emphasis added in Walker); see also Ex parte Alabama Power Co., 431 So.2d 151, 155 (Ala. 1983)."
Ex parte Jones, 774 So.2d at 608.
The "law of the case" doctrine prevents this court from revisiting the earlier disposition of the issues relating to the *Page 3 
division of the wife's retirement account, the alimony award, or the requirement that the wife be made to pay for health-insurance costs. See Stephens v. Stephens, 699 So.2d 194, 196
(Ala.Civ.App. 1997).
 "`Under the doctrine of "law of the case," whatever is once established between the same parties in the same case continues to the be the law of that case, whether or not correct on general principles, so long as the facts on which the decision was predicated continue to be the facts of the case.'"
Stephens, 699 So.2d at 196 (quoting Blumberg v. Touche Ross Co., 514 So.2d 922, 924 (Ala. 1987)). Therefore, the judgment of the trial court failing to comply with the mandate in WilkinsonI is reversed, and the cause is remanded with instructions that the trial court comply with the mandate set out in Wilkinson I.
Both parties' requests for an attorney fee on appeal are denied.
OPINION OF DECEMBER 12, 2003, WITHDRAWN; OPINION SUBSTITUTED; APPLICATION GRANTED; REVERSED AND REMANDED WITH INSTRUCTIONS.
THOMPSON and PITTMAN, JJ., concur.
MURDOCK, J., concurs specially.
YATES, P.J., concurs in the result, with writing.