In the past, I have not hesitated to dissent from opinions reversing a trial court's determination of adultery when the pertinent record has contained substantive evidence of adultery.See, e.g., Webb v. Webb, 950 So.2d 322, 330-31
(Ala.Civ.App. 2006), and Vinson v. Vinson,880 So.2d 469, 476-77 (Ala.Civ.App. 2003). In this case, however, the record reveals that the only evidence offered to support the wife's *Page 842 
suspicions that the husband had committed adultery concerned one incident occurring before the parties had separated along with evidence of the husband's behavior following the separation. The wife offered no corroborating testimony or evidence of any kind, and the husband emphatically denied having engaged in an illicit relationship during the marriage. We have long held that a spouse's uncorroborated suspicion of adultery is insufficient evidence upon which to base a finding of adultery. See Yatesv. Yates, 676 So.2d 365, 366 (Ala.Civ.App. 1996), andFowler v. Fowler, 636 So.2d 433, 435 (Ala.Civ.App. 1994). I therefore concur in the main opinion's conclusion that the wife failed to prove adultery on the part of the husband.
On the other hand, the main opinion also reverses that portion of the judgment awarding the wife 25% of the husband's monthly military-retirement benefits. The valuation of retirement benefits has become a contentious problem for both trial and appellate courts. See Carter v. Carter, 934 So.2d 406
(Ala.Civ.App. 2005); Wilkinson v. Wilkinson, 905 So.2d 1
(Ala.Civ.App. 2004); McAlpine v. McAlpine,865 So.2d 438 (Ala.Civ.App. 2003); and Wilkinson v. Wilkinson,828 So.2d 924 (Ala.Civ.App. 2001). In this ease, the husband and the wife testified regarding a schedule of retirement benefits produced by the United States Department of Defense indicating that if the husband retired at the time of trial he would have received $3,924 in monthly retirement benefits. That retirement schedule also indicated that the longer the husband remained in military service, the larger his subsequent retirement-benefit payments would be. As to the wife's eligibility to receive a portion of the present value of the husband's retirement benefits, based upon the 20-year length of the parties' marriage and the military-retirement schedule of benefits, I believe that the trial court had sufficient evidence from which it could award the wife 25% of the hypothetical $3,924 payments to which the husband was entitled at the time of trial. Therefore, because I would not reverse that award, I respectfully dissent as to that portion of the main opinion.
THOMPSON, J, concurs.