5 So.3d 611 (2008)
Mark Arthur VERREN
v.
Jennifer Lea VERREN.
Jennifer Lea Verren
v.
Mark Arthur Verren.
2061054.
Court of Civil Appeals of Alabama.
September 26, 2008.
*612 Bill G. Hall and Wiliiam C. Avant of Ables, Baxter, Parker & Hall, P.C., Huntsville, for appellant/cross-appellee Mark Arthur Verren.
Amy S. Creech and Streekanth B. Ravi of Rhodes & Creech, Huntsville, for appellee/cross-appellant Jennifer Lea Verren.
MOORE, Judge.
Mark Arthur Verren ("the husband") appeals from a judgment entered by the Madison Circuit Court on May 18, 2007, as amended on July 11, 2007, divorcing him from Jennifer Lea Verren ("the wife"). The wife cross-appeals from the trial court's order granting the husband's motion to amend the May 18, 2007, judgment. We dismiss the appeal and the cross-appeal as being from a nonfinal judgment.
The underlying divorce action began when the wife filed a complaint on April 13, 2006, seeking, among other things, an end to the parties' 14-year marriage and an equitable division of their marital property. During the trial of the matter, the parties identified the husband's retirement plan as one of the assets of the marriage. On May 18, 2007, the trial court entered a judgment divorcing the parties. That judgment recited as follows:
"2. The Wife shall have as her sole, own, and exclusive properties the following:
". . . .
"(g) One-half (1/2) of that portion of the Husband's disposable retirement *613 benefits which have been accumulated from the date of the parties' marriage on December 6, 1991, up to the date of filing of this action by the Wife on April 13, 2006. Said transfer shall be effectuated by entry of a Qualified Domestic Relations Order to be prepared by the attorney for the Wife, and submitted to this Court in proper form for entry. A copy of the proposed Qualified Domestic Relations Order shall be provided in advance of its submission to this Court to the attorney for the Husband, and if any dispute arises with regard to the form thereof, counsel for both parties shall confer with this Court with regard to any such dispute. This Court retains the power to modify this provision and/or any Qualified Domestic Relations Order necessary to effectuate the order of division herein made.
"This Court has not made any provision for an election to be made by the Husband for the Wife as beneficiary under the Survivor's Benefit Plan on said military retirement benefit. This Court has not been provided with any evidence of evaluation of said Survivor's Benefit Plan, and is unable to determine from the evidence submitted whether or not the ordering of such a designation of the Wife as beneficiary under the Survivor's Benefit Plan would violate the fifty percent (50%) maximum benefit allowed to be awarded by this Court in Sec. 30-2-51, Code of Alabama (1975).
"3. The Husband shall have as his sole, own, and exclusive properties the following:
". . . .
"(g) The remaining disposable retirement benefits payable to him as a result of his service in the United States Army, after effectuation of the award therefrom made to the Wife above."
The husband filed a motion to alter, amend, or vacate the judgment on June 12, 2007, arguing, among other things, that the wife had failed to prove that he had any vested interest in the retirement benefits awarded. See Ala.Code 1975, § 30-2-51(b) (authorizing circuit court judges to award only vested retirement benefits); see also Walker v. Walker, 695 So.2d 58 (Ala.Civ.App.1997) (holding that circuit court cannot award spouse a portion of other spouse's retirement benefits when the evidence fails to show that those benefits have vested). The husband also argued that the wife had failed to present any credible evidence as to the present value of the retirement benefits. See Ala. Code 1975, § 30-2-51(b) (authorizing circuit court to award only present value of vested retirement benefits); see also Brattmiller v. Brattmiller, 975 So.2d 359 (Ala.Civ.App.2007) (holding that circuit court commits reversible error in awarding retirement benefits without evidence of their present value).
After a hearing on the motion, the trial court amended its earlier judgment on July 11, 2007, to award the wife:
"(g) One-half (1/2) of that portion of the Husband's disposable retirement benefits which has been accumulated as a result of his military service from the date of the parties' marriage on December 6, 1991, to the date of filing of this action by the Wife on April 13, 2006; provided, however, that this award of a portion of the Husband's future military retirement benefits is limited to those retirement benefits in which he had a vested interest as of the date of filing of this case by the Wife on April 13, 2006, as determined by applicable Federal law and/or military rules and/or regulations *614 in effect on the date of the filing of this case.
"The governmental department and/or agency of the United States which is appropriate to do so shall make the necessary calculations as to what specific amount, if any, is to be payable to the Wife pursuant to this award.
"Said transfer shall be effectuated by entry of a Qualified Domestic Relations Order to be prepared by the attorney for the Wife, and submitted to this Court in proper form for entry. A copy of the proposed Qualified Domestic Relations Order shall be provided in advance of its submission to this Court to the attorney for the Husband, and if any dispute arises with regard to the form thereof, counsel for both parties shall confer with this Court with regard to any such dispute. This Court retains the power to modify this provision and/or any Qualified Domestic Relations Order necessary to effectuate the award to the Wife herein made.
"This Court has not made any provision for an election to be made by the Husband for the Wife as beneficiary under the Survivor's Benefit Plan on said military retirement benefits. This Court is unable to determine from the evidence submitted whether or not the ordering of such a designation of the Wife as beneficiary under the Survivor's Benefit Plan would result in an award in excess of the maximum amount of fifty percent (50%) of said retirement benefits allowed to be awarded to the Wife in Sec. 30-2-51, Code of Alabama (1975)."
The husband filed his notice of appeal on August 17, 2007; the wife filed her cross-appeal on August 31, 2007.
On appeal the husband argues, among other issues, that the trial court erred (1) by awarding the wife retirement benefits without evidence that those benefits had vested and (2) by delegating its judicial duty to another governmental agency to decide whether the husband had any vested retirement benefits and to calculate the amount of benefits due the wife. The wife counters that the trial court awarded her only a marital fraction of those retirement benefits that were vested and correctly gave the "appropriate" governmental agency guidance as to how to determine the amount of vested benefits to be awarded. In her cross-appeal, the wife argues that the trial court erred in amending the May 18, 2007, judgment.
Although the issue has not been addressed by either party, this court must first determine whether it has jurisdiction over this appeal. "Jurisdictional matters are of such importance that a court may take notice of them ex mero motu." McMurphy v. East Bay Clothiers, 892 So.2d 395, 397 (Ala.Civ.App.2004). "[T]he question whether a judgment is final is a jurisdictional question." Johnson v. Johnson, 835 So.2d 1032, 1034 (Ala.Civ.App. 2002).
Rule 58(b), Ala. R. Civ. P., states:
"An order or a judgment need not be phrased in formal language nor bear particular words of adjudication. A written order or a judgment will be sufficient if it is signed or initialed by the judge... and indicates an intention to adjudicate, considering the whole record, and if it indicates the substance of the adjudication."
"A final judgment that will support an appeal is one that puts an end to the proceedings between the parties to a case and leaves nothing for further adjudication." Ex parte Wharfhouse Rest. & Oyster Bar, Inc., 796 So.2d 316, 320 (Ala.2001). It is apparent from the pleadings and briefs that the parties were at issue over whether any of the husband's retirement *615 benefits were vested and, if so, the exact amount of those benefits to which the wife was entitled. Rather than conclusively decide those issues, the trial court authorized the "appropriate" governmental agency to make those determinations. In doing so, the trial court failed to adjudicate either issue. As it now stands, there has been no judicial determination as to whether the husband has any vested retirement benefits and, if so, the amount of those vested retirement benefits the wife is entitled to receive.
Additionally, we note that Alabama law requires an "equitable" distribution of marital property upon termination of the marriage, which may include a division of retirement benefits. See Wilkinson v. Wilkinson, 905 So.2d 1, 9-10 (Ala.Civ.App. 2004). The fairness of the property division cannot be properly assessed without knowing the exact amount of the retirement benefits, if any, the wife will receive. Id.
Because the trial court has failed to resolve the outstanding issues regarding the husband's retirement benefits, we conclude that its judgment is nonfinal. A nonfinal judgment will not support an appeal. See Reid v. Reid, 844 So.2d 1212, 1214 (Ala.Civ.App.2002). This court must dismiss an appeal from a nonfinal judgment. Id.
APPEAL DISMISSED; CROSS-APPEAL DISMISSED.
THOMPSON, P.J., and PITTMAN and BRYAN, JJ., concur.
THOMAS, J., dissents, with writing.
THOMAS, Judge, dissenting.
I dissent from the majority's dismissal of this appeal because I believe that the trial court awarded the wife a portion of the husband's military retirement benefits in the absence of any evidence of record that those benefits were, in fact, vested, in contravention of § 30-2-51(b), Ala.Code 1975. I would, therefore, reverse the judgment and remand the case on that basis.