Sandra McCoy Somers and Ronald C. McCoy were divorced by an order of the trial court in 1978. The mother was awarded custody of the parties' four children and the father was ordered to pay child support. The parties obtained several modifications of the original divorce judgment.
In 1991, the trial court entered an order requiring that the husband pay postminority support for the parties' two oldest children (hereinafter, the "daughters"). In 1994, the mother filed a petition seeking postminority support for the two younger children (hereinafter, the "sons") and reimbursement for amounts she had expended for college expenses for the parties' daughters. Judge Cothren conducted a two-day hearing in 1997; however, he entered no order. A different trial judge, Judge Verin, conducted another hearing in August 1999.
After receiving ore tenus evidence, Judge Verin denied the mother's claim for reimbursement of amounts she had expended for postminority support of the parties' daughters. The trial court also determined that the sons had not established a commitment to obtaining a college education. It held that if the two sons completed a year of college without financial assistance from the father, they could petition for future college expenses and for reimbursement for the amounts they had expended themselves. The mother appealed.
The trial court received ore tenus evidence; therefore, its judgment based on that evidence is entitled to a presumption of correctness. Blankenship v. Blankenship, 534 So.2d 320
(Ala.Civ.App. 1998). This court may not substitute its judgment for that of the trial court, and therefore this court will not reverse absent a showing of an abuse of the trial court's discretion. Id.
The father is a medical doctor; he earns approximately $450,000 per year. The mother has a master's degree but works part-time for a department store earning approximately $500 per month. She also receives $25,000 annually in alimony from the father.
Shortly after the parties divorced, the mother moved with the children to Florida. The father did not see the children for 10 years. About 1989, the mother and children returned to the Birmingham area. As the trial court noted in its order, "although attempts were made to resume a relationship between the children and the [father], such attempts were apparently not successful." The father testified that some of the children visited him occasionally but that their relationship had stalled when the mother filed the 1994 petition.
It is undisputed that after the court entered the 1991 modification order requiring that the father pay postminority support, the mother and the children did not submit bills or statements of expenses related to the children's postminority support to the father. The father testified that he first learned the children were in college, and at which institutions, through the evidence presented in support of the mother's 1994 petition.
The mother first argues that the trial court erred in refusing to order the father to reimburse her for amounts she had expended in postminority support for *Page 143 
the oldest child. We note that the mother did not make an argument on appeal regarding any support arrearage owed for the parties' second oldest child.
The 1991 order providing that the oldest child receive postminority support required the father to pay her expenses related to tuition, fees, room and board, and books that were not covered by a grant or by a scholarship. In addition, the 1991 order required the father to pay $500 per month for expenses if that child lived on campus or $1,000 per month if she lived at home with her mother. The trial court placed conditions on the award of postminority support for this child; she was required to be a full-time student and to maintain a "C" average, and the father's postminority support obligation would cease in June 1995.
The 1991 order had required that the father reimburse the mother for amounts she had already expended on behalf of the oldest child before that order was entered. Although the trial court correctly denied at least one of the mother's claimed expenses incurred during a time in which the oldest child did not maintain a "C" average, it denied other claims for expenses on the basis that they were incurred after the date of the 1991 order. However, the provisions of that order did not prohibit the mother from receiving reimbursement for expenses incurred after the date of that order, assuming that the child met the other requirements of the order. We conclude that the mother was entitled to reimbursement for those expenses she incurred during the time the oldest child met the conditions set forth in the 1991 order.
The trial court also determined that the provision of the 1991 order that required the father to pay the oldest child's living expenses was not enforceable because it was violative of the law. Without determining whether the trial court was correct in that determination, we note that the father did not appeal from the 1991 modification order. Therefore, that order was final, and its provisions are due to be enforced.
The mother testified that the father owed approximately $34,000 in unpaid living expenses for the oldest child. Under the terms of the 1991 judgment, the father was required to pay $1,000 per month for the months in which that child was a full-time student living at home and maintaining a "C" average. It is not clear from the record whether the amount claimed by the mother relates only to those periods in which that child was a full-time student living at home and obtaining at least a "C" average. Therefore, we remand this action for the trial court to determine those amounts due, pursuant to the terms of the 1991 order, to the mother on behalf of the oldest child.
The mother also argues that the trial court erred in holding that the father did not have to pay postminority support for the parties' sons until they demonstrated a commitment to their education by first attending a year of college without any financial assistance from the father. However, the record does not indicate that the mother made this argument before the trial court. In her postjudgment motion, the mother sought only a "clarification" of that portion of the trial court's order regarding the postminority-support provision as to the sons; she did not contest the propriety of that provision. The mother made no argument regarding the propriety of that provision at the hearing on her postjudgment motion. This court may not consider an issue raised for the first time on appeal. Andrews v. Merritt Oil Co., 612 So.2d 409 (Ala. 1992); S.W.M. v. D.W.M.,723 So.2d 1271 (Ala.Civ.App. 1998). This court's review is restricted to those arguments considered by the trial court. Lyons v. Porter,539 So.2d 298 (Ala.Civ.App. 1988). Therefore, we affirm as to this issue.
The mother is awarded an attorney fee in the amount of $850. *Page 144 
AFFIRMED IN PART; REVERSED IN PART; AND CASE REMANDED WITH INSTRUCTIONS.
Robertson, P.J., and Yates, Monroe, and Crawley, JJ., concur.