Russell Joe Applegate ("the husband") and Phyllis Jean Applegate ("the wife") were married in 1985. In September 2001, the wife sued for a divorce, left the marital residence, and returned to her home state of Kansas. Before leaving, the wife withdrew approximately $13,500 from the parties' joint account. She also took with her a large part of the parties' household items, including furniture, cookware, silverware, and dishes from the marital residence; she took some items to Kansas and stored others in a storage facility in Alabama.
After a trial, the trial court awarded the wife all the moneys in her possession, one-half of the proceeds from the ordered sale of the marital residence, her 1989 Lincoln Town Car automobile, one-half of the family photographs, and all the household items the wife took with her or placed in storage when she left the marital residence. The judgment awarded the husband the moneys in his possession, one-half the proceeds of the ordered sale of the marital residence, his 1999 Nissan Pathfinder sport utility vehicle, his 2002 Honda Gold Wing motorcycle, one half of the family photographs, and any personal property in his possession. *Page 1124 
The trial court also awarded the wife 23% of the husband's retirement benefits. The husband is employed at United States Army Missile Command; he had been employed there for approximately 11 years before the parties married. His retirement benefit is calculated based upon his highest salary for the three consecutive years prior to retirement. The record reveals that the husband's estimated monthly retirement benefit, had he retired effective December 31, 2002, would be $4,670. The provision of the judgment awarding the retirement benefits to the wife reads, in pertinent part:
 "8. RETIREMENT INTEREST: The [wife] is hereby awarded a twenty-three (23%) percent interest in the retirement of the [husband] as of June 10, 2002. . . . [T]he court hereby directs that twenty-three (23%) percent of the gross amount of retirement paid to the [husband] shall be paid by the [husband] directly to the [wife] on a monthly basis the first month the [husband] begins drawing his retirement."
The husband appeals. He argues that the division of property was inequitable and that the trial court erred by awarding the wife 23% of his retirement. We reverse the trial court's judgment.
The husband argues that the trial court's award of retirement benefits is impermissible under Ala. Code 1975, § 30-2-51(b), because the wife did not present evidence as to the present value of retirement benefits subject to division, because the award includes benefits earned prior to the marriage of the parties, and because the award fixes the time for determining the amount of benefits as the date of the judgment and not the date of the filing of the complaint for divorce. Section 30-2-51(b) states:
 "(b) The judge, at his or her discretion, may include in the estate of either spouse the present value of any future or current retirement benefits, that a spouse may have a vested interest in or may be receiving on the date the action for divorce is filed, provided that the following conditions are met:
 "(1) The parties have been married for a period of 10 years during which the retirement was being accumulated.
 "(2) The court shall not include in the estate the value of any retirement benefits acquired prior to the marriage including any interest or appreciation of the benefits.
 "(3) The total amount of the retirement benefits payable to the non-covered spouse shall not exceed 50 percent of the retirement benefits that may be considered by the court."
(Emphasis added.)
The wife failed to prove the amount of and the present value of the benefits she was entitled to under the statute. The only evidence of record as to the amount of the husband's retirement was a document indicating his estimated monthly annuity if he retired on December 31, 2002. As we have recently held, the failure to present the necessary evidence of the present valuation of retirement benefits and the portion of those benefits acquired prior to the marriage prevents the trial court from exercising its the discretion to award one spouse any portion of the retirement benefits of the other spouse. McAlpine v. McAlpine, [Ms. 2010352, November 15, 2002] 865 So.2d 438 (Ala.Civ.App. 2002). We also note that the award of benefits in this case also appears to violate the provision against awarding a spouse any portion of retirement benefits earned prior to the marriage, § 30-2-51(b)(2); the provision requiring an award of the present value of those benefits, § 30-2-51(b); and, quite possibly, the provision requiring that the award of retirement benefits not exceed 50% of the amount of benefits that *Page 1125 
may be considered for division, § 30-2-51(b)(1), (3). Accordingly, we reverse that portion of the judgment awarding the wife retirement benefits, and we remand the cause for the trial court to amend its judgment so as not to award the wife any portion of the husband's retirement benefits. See McAlpine, 865 So.2d at 439-41.
Because we must reverse the award of retirement benefits, we do not at this time address whether the trial court's property division is inequitable. On remand, the trial court may, on the basis of the reversal of its award of retirement benefits, reconsider its property division.Id.; see also DuBois v. DuBois, 714 So.2d 308, 311 (Ala.Civ.App. 1998).
REVERSED AND REMANDED WITH INSTRUCTIONS.
YATES, P.J., and THOMPSON and PITTMAN, JJ., concur.
MURDOCK, J., concurs in the result.