The plaintiff Jefferson County, Alabama, sued the defendants William M. Acker, Jr., and U.W. Clemon, United States district court judges, to collect from them an occupational tax consisting of one-half percent of their respective salaries, levied by the plaintiff county. The United States District Court for the Northern District of Alabama, Southern Division, where the case is pending, has certified the following question to this Court:
 "Is exemption from payment of Jefferson County's occupation privilege tax imposed pursuant to its Ordinance No. 1120 of 1987 a privilege or benefit of membership in the Alabama Bar Association to which defendants are entitled by virtue of their payment of 50% of the dues of active members of that association?"
We answer the question in the negative. The defendants are not exempt from the tax.
The state statutes and the county ordinance which form the basis of the plaintiff's claim to the tax and the defendants' claim to the exemption constitute a major part of the "facts" of this case. Indeed, the sequence of the adoption of these measures is factually important as evidence of legislative intent.
In 1935, the Alabama Legislature enacted 1935 Ala. Act No. 194 (hereinafter sometimes called "the attorneys' annual state license tax statute") requiring "[e]ach attorney engaged in the practice of law to pay an annual license of Twenty-Five Dollars ($25.00) to the State, but no license shall be paid to the County." This statute appeared as Title 51, § 460 in the Code of Alabama 1940 and the Code of Alabama as recompiled in 1958. This law now appears as § 40-12-49, Ala. Code 1975, in these words: "Each attorney engaged in the practice of law shall pay an annual license tax to the state, but none to the county." This law has not changed since its inception in any way material to this case.
In 1945, the Legislature enacted 1945 Ala. Act No. 409 (hereinafter sometimes called "the defendants' bar association statute"), which provided, in pertinent part:
 "Section 1: That all lawyers who are qualified to practice law in Alabama and who are not engaged in active practice because they are holding a state or federal office that precludes them from practicing law may become members of the Alabama Bar Association by payment direct to the Secretary of such Association an annual sum equal to the Association's participation in the money collected by the State of Alabama from a lawyer as a privilege license tax to engage in the practice of law.
 "Section 2: That upon the payment of said sum as prescribed in the preceding section, such person shall be entitled to all the privileges and benefits common to the other members of such Association."
(Emphasis added.) This law now appears as § 34-3-17, Ala. Code 1975, in these words:
 "All lawyers who are qualified to practice law in Alabama and who are not engaged in active practice because they are holding a state or federal office that precludes them from practicing law may become members of the Alabama Bar Association by paying directly to the secretary of such association an annual sum equal to 50 percent of the money collected by the State of Alabama from a lawyer as a privilege license tax to engage in the practice of law. Upon payment of said sum as prescribed in the preceding sentence, such persons shall be entitled to all the privileges and benefits *Page 741 common to other members of such association." (Emphasis added.)
This law has not changed since its inception in any way material to this case.
In 1951, the Alabama Legislature adopted 1951 Ala. Act No. 129, which provided, in pertinent part:
 "Section 1. All lawyers who are qualified to practice law in Alabama and who are not engaged in active practice may become members of the Alabama State Bar Association by payment directly to the Secretary of such Association an annual sum of Fifteen Dollars ($15.00).
 "Section 2. Upon the payment of said sum as prescribed in Section 1, such person shall be entitled to all the privileges and benefits common to the other members of such Association." (Emphasis added.)
This law now appears as § 34-3-18, Ala. Code 1975, in these words:
 "All lawyers who are qualified to practice law in Alabama and who are not engaged in active practice may become members of the Alabama Bar Association by paying directly to the secretary of such association an annual sum equal to 50 percent of the money collected by the State of Alabama from a lawyer as a privilege license tax to engage in the practice of law. Upon payment of said sum as prescribed in this section, such person shall be entitled to all the privileges and benefits common to the other members of such association." (Emphasis added.)
This law has not changed since its inception in any way material to this case.
In 1967, the Legislature enacted 1967 Ala. Act No. 406 (hereinafter sometimes called "the county tax enabling act"), which authorizes
 "any county of the State of Alabama having a population of 500,000 or more . . . to levy a license or privilege tax upon any person for engaging in any business for which he is not required by law to pay any license or privilege tax to either the State of Alabama or the county by any of the following Article 1, Chapter 20, Title 51 [§§ 450 through 617]; Sections 176, 177, 178, 180, 182, 183, 184, 186, 429 and 826 in Title 51 of the Code of Alabama of 1940 as amended." (Emphasis added.)
The reference to Article I, Chapter 20, Title 51 includes the already-quoted attorneys' annual state license tax statute. Thus, the county tax enabling act excepts and thereby withholds authority to tax the practice of law.
In 1987, pursuant to the authority granted by the county tax enabling act, Jefferson County enacted Ordinance No. 1120, (sometimes hereinafter called "the plaintiff's county tax ordinance"), which imposed an "occupational license tax" in the amount of "one-half percent (1/2%) of the gross receipts" earned within Jefferson County by every person engaged in a "vocation, occupation, calling or profession." The defendants do not claim that the definition of "vocation, occupation, calling or profession" does not include them, except insofar as the defendants indirectly claim the benefit of the following exception to the definition:
 "(B) The words `vocation, occupation, calling and profession' . . . shall not mean or include domestic servants employed in private homes and shall not include businesses, professions or occupations for which license fees are required to be paid
under any General License Code of the County or to the State of Alabama or the County by any of the following: Chapter 12, Article 2, Title 40 [§§ 40-12-40 through 40-12-180]; §§ 40-21-50, 40-21-52, 53, 54 and 55; 40-21-57, 58, 59, and 60; 40-16-6; *Page 742 
and 27-4-9 of the Code of Ala. 1975, as amended." (Emphasis added.)
The reference to Chapter 12, Article 2, Title 40 includes the already-quoted attorneys' annual state license tax statute. Thus, this ordinance excepts the practice of law from the tax.
The parties have stipulated a number of facts, including some of the legislative "facts" already stated in this opinion. Other stipulated facts pertinent to this particular certified question are:
 "4. At all times since January 1, 1988, defendants have been employed by the United States of America as District Judges for the Northern District of Alabama pursuant to Article III of the Constitution of the United States.
". . . .
 "6. Defendants maintained their principal offices at the Hugo Black Federal Courthouse in the City of Birmingham, Jefferson County, Alabama.
". . . .
 "9. Defendants are not required by any state law to pay any privilege, license or occupational tax to the State of Alabama. Defendants, however, still pay their dues (one-half of the dues of a licensed practicing attorney) to the Alabama State Bar, which is an integrated bar, and, as such, is an arm or agency of the State of Alabama. Although defendants are not and cannot be licensed to practice law, they remain sustaining or auxiliary members of the bar as they still pay their dues."
The defendant judges do not argue that they are exempted directly by the language in the county tax enabling act, 1967 Ala. Act No. 406, excepting and thereby withholding authority to tax the practice of law — that is, excepting and therefore withholding authority to tax any person who is "required by law to pay any license or privilege tax to . . . the State of Alabama . . . by" the attorneys' annual state license tax statute imposing the privilege license tax on "[e]ach attorney engaged in the practice of law," now § 40-12-49. Nor do the defendant judges argue that they are exempted directly by the language in the definition of "vocation, occupation, calling or profession" in the plaintiff's county tax ordinance excepting the practice of law — that is, excepting "professions . . . for which license fees are required to be paid . . . to the State of Alabama . . . by" the attorneys' annual state license tax statute, now §40-12-49. The defendant judges candidly stipulate that they are not required to pay the State any privilege or license fee or tax pursuant to § 40-12-49 or its predecessors and that they are not allowed to practice law.
The defendant judges claim only that they are exempted by section 2 of the defendants' bar association statute, now §34-3-17, providing that, "[u]pon payment of said sum as prescribed in the preceding sentence, such persons shall beentitled to all the privileges and benefits common to othermembers of such Association" (emphasis added). The defendant judges claim only that § 34-3-17 entitles them to share in thepracticing, state-license-buying attorneys' exemption from the county tax pursuant to the above-quoted exceptions in the county tax enabling act and the plaintiff's county tax ordinance, because that exemption is a "privilege" or "benefit" "common to" those practicing, state-license-buying attorney members. In short, the defendant judges claim only that § 34-3-17 providesthem with an exemption from the county tax.
 "This Court has held that the fundamental rule of statutory construction is to ascertain and give effect to the intent of the Legislature in enacting a statute. IMED Corp. v. Systems Engineering *Page 743 Assocs. Corp., 602 So.2d 344, 346 (Ala. 1992). If possible, a court should gather the legislative intent from the language of the statute itself. Advertiser Co. v. Hobbie, 474 So.2d 93 (Ala. 1985). If the statute is ambiguous or uncertain, the court may consider conditions that might arise under the provisions of the statute and examine results that would flow from giving the language in question one particular meaning rather than another. Clark v. Houston County Comm'n, 507 So.2d 902, 903-04 (Ala. 1987). The legislative intent may be gleaned from the language used, the reason and necessity for the act, and the purpose sought to be obtained by its passage. Tuscaloosa County Comm'n v. Deputy Sheriffs' Ass'n of Tuscaloosa County, 589 So.2d 687, 689 (Ala. 1991) (citing Ex parte Holladay, 466 So.2d 956 (Ala. 1985))."
Norfolk Southern Ry. Co. v. Johnson, 740 So.2d 392, 396 (Ala. 1999). "When competing reasonable constructions are advanced, a tax exemption should be construed in favor of the taxing authority, not the taxpayer." Ex parte City of Tuscaloosa,757 So.2d 1182, 1188 (1999). "[E]xemptions from taxation are to be strictly construed against the person or party claiming the exemption and in favor of the right to tax." Ex parte FlemingFoods of Alabama, Inc., 648 So.2d 577, 578 (Ala. 1994). By logical extension of Ex parte City of Tuscaloosa and Ex parteFleming Foods, if an ambiguity in a statute permits not only a reasonable construction that the statute constitutes or provides a tax exemption but also an equally reasonable construction that the statute does not constitute or provide any tax exemption at all, the latter construction, the one in favor of the taxing authority, is preferred.
At the risk of redundancy, but for the sake of clarity, we will restate the dispositive issue as distilled by the defendants' argument to us. The issue is whether the defendants' bar association statute, now embodied in § 34-3-17 without material change from the original, constitutes or provides a tax exemption from the plaintiff's county tax. Once again, § 34-3-17, originally adopted in 1945, decades before the adoption of the county tax enabling act and the plaintiff's county tax ordinance, reads:
 "All lawyers who are qualified to practice law in Alabama and who are not engaged in active practice because they are holding a state or federal office that precludes them from practicing law may become members of the Alabama Bar Association by paying directly to the secretary of such association an annual sum equal to 50 percent of the money collected by the State of Alabama from a lawyer as a privilege license tax to engage in the practice of law. Upon payment of said sum as prescribed in the preceding sentence, such persons shall be entitled to all the privileges and benefits common to other members of such association." (Emphasis added.)
There are several reasons why this statute does not constitute or provide a tax exemption for the defendants.
First, this statute, the defendants' bar association statute, does not mention any county tax or any exemption from any tax. Thus the defendants must rely on the ambiguity of the expression "all the privileges and benefits common to other members," to include within the meaning of the expression the exception to, or exemption from, the county tax that practicing, state-license-buying attorneys enjoy in common with each other. Yet the expression may more plausibly be interpreted to mean only the privileges and benefits of membership itself in the Alabama Bar Association. Indeed the very question certified to *Page 744 
us asks whether exemption from the county tax is "a privilege or benefit of membership in the Alabama Bar Association" (emphasis added). It is not. The county tax enabling act and the plaintiff's county tax ordinance, by the express terms of these measures, spare practicing attorneys from the county tax not because of their membership in the bar association but because of the mandate of § 40-12-49 that the practicing attorneys "pay an annual license tax to the state, but none to the county."
Second, the defendants' bar association statute, now § 34-3-17, was originally adopted in 1945, more than two decades before the Legislature even authorized the plaintiff county to impose the county tax and over four decades before the plaintiff county imposed the tax by adopting the plaintiff's county tax ordinance. Thus the Legislature did not likely intend for the ambiguous language in the plaintiff's bar association statute to provide an exemption from the then nonexistent county tax. The text of the statute does not even hint at any legislative intent to include any tax exemption at all.
Third, a construction of § 34-3-17 to exempt the defendant judges would necessarily require a construction of § 34-3-18 to exempt everyone else who has ever gained admission to the Alabama bar, who pays what the defendant judges pay to the bar association, but who engages in any "vocation, occupation, calling or profession" of literally any kind in Jefferson County; for § 34-3-18 extends to everybody in this category the very same opportunity that § 34-3-17 offers to those who "are holding a state or federal office that precludes them from practicing law." Thus, § 34-3-18 would exempt lawyer-realtors, lawyer-bankers, lawyer-businessmen, lawyer-doctors, lawyer-tycoons, law professors, et cetera ad infinitum, even though, because they would not be practicing law, the attorneys' annual state license tax statute would not require them to pay an annual license tax to the State. The likelihood is scant that the Legislature intended any such extravagant "privilege" or "benefit" in either § 34-3-17 or § 34-3-18.
Finally, if the expression "all the privileges and benefitscommon to other members of such association" be an ambiguity in § 34-3-17 that warrants equally reasonable interpretations both that the statute does and that it does not constitute or provide an exemption for the defendant judges, the interpretation that the statute does not is preferred as the interpretation favorable to the taxing authority. See Ex parte City of Tuscaloosa andEx parte Fleming Foods, supra. A fortiori, because the interpretation that the statute does not constitute or provide an exemption is more plausible than the contrary, this more plausible interpretation controls the issue and requires an answer to the certified question in favor of the plaintiff county taxing authority.
For all of the reasons stated, we answer the certified question in the negative. The defendant judges are not exempt from the tax levied by the plaintiff Jefferson County.
QUESTION ANSWERED.
HOUSTON, LYONS, BROWN, JOHNSTONE, HARWOOD, and STUART, JJ., concur.
WOODALL, J., recuses himself. *Page 745