Consideration of the issue of the award of retirement benefits in the present case has led me to reexamine this court's opinions in McAlpine v. McAlpine, 865 So.2d 438 (Ala.Civ.App. 2002), and in Applegate v. Applegate, 863 So.2d 1123 (Ala.Civ.App. 2003). Some of the statements in those opinions suggest that a trial court must always calculate the present value of retirement benefits that are to be included in a property division in a divorce action and that a trial court must always express the division of such retirement benefits in terms of their present value. I take this opportunity to express my conclusion that, while the results this court reached in McAlpine andApplegate were correct, those suggestions are incorrect and do not provide proper direction to the bench and bar for future cases.
Section 30-2-51(b), Ala. Code 1975, states:
 "(b) The judge, at his or her discretion, may include in the estate of either spouse the present value of any future or current retirement benefits, that a spouse may have a vested interest in or may be receiving on the date the action for divorce is filed, provided that the following conditions are met:
 "(1) The parties have been married for a period of 10 years during which the retirement was being accumulated.
 "(2) The court shall not include in the estate the value of any retirement benefits acquired prior to the marriage including any interest or appreciation of the benefits.
 "(3) The total amount of the retirement benefits payable to the non-covered spouse shall not exceed 50 percent of the retirement benefits that may be considered by the court."
(Emphasis added.)
In Smith v. Smith, 836 So.2d 893 (Ala.Civ.App. 2002), a case we decided not long before we issued our opinions in McAlpine
and Applegate, this court noted each of the various requirements imposed by § 30-2-51(b), Ala. Code 1975. After reflecting further on this court's opinions in McAlpine andApplegate, I come back to the conclusion that our earlier opinion in Smith v. *Page 4 Smith contained a sufficiently complete restatement of the statute's requirements:
 "A reading of § 30-2-51(b) indicates that a trial judge has the discretion to divide a spouse's retirement benefits if either of two conditions exists at the time the complaint for divorce is filed: a spouse must have a vested interest in or be receiving retirement benefits. Section 30-2-51(b) then states that the trial judge's discretion to divide retirement benefits is further limited by three additional conditions: the 10-year marriage rule of subsection (1); the post-nuptial acquisition-of-benefits rule of subsection (2); and the 50 percent division rule of subsection (3). The apparent meaning of these provisions, when read as a whole, is that the trial judge may divide the value of any retirement benefits in which one spouse has a vested interest or is receiving on the date the action for divorce is filed, provided that the parties have been married for 10 years as of that date, that the judge divides only those retirement benefits acquired during the marriage, and that the judge awards the noncovered spouse no more than 50 percent of the benefits that may be considered by the court."
Smith, 836 So.2d at 899-900 (emphasis on "provided that" original; other emphasis added). Nothing in this restatement requires the calculation of the present value of an awarded retirement benefit or dictates that every judgment awarding retirement benefits be couched in terms of the "present value" of those benefits.
In considering the meaning of the opening sentence of §30-2-51(b), it is important to bear in mind that any asset, or portion of an asset, has both present and future values. Thus, an award to one spouse of a portion of the retirement benefits to be received by the other spouse necessarily entails an award of both the present and the future values of that benefit. While the opening sentence of § 30-2-51(b) provides that a judge may include in the estate of either spouse "the present value of . . . future or current retirement benefits, that a spouse may have a vested interest in or may be receiving on the date the action for divorce is filed," whenever an award of some benefit is made, even if couched in terms of a portion of a benefit the retiring spouse otherwise would receive at some time in the future, the present value of that award is necessarily attributable to the recipient. As long as the court's award does not include any benefit not vested (or not being received) as of the date the complaint for divorce is filed and meets the other three requirements outlined in paragraphs (1) through (3) of § 30-2-51(b), see Smith v. Smith,836 So.2d at 899-900, that award will be in compliance with the statute.Nothing in § 30-2-51(b) provides that there must necessarily be a calculation of "present value" or that the trial court's award must always be articulated as some portion of that present value.
It is true, of course, that property divisions in divorce cases are structured on the basis of the present value of the assets at issue. That is, trial courts, and this court, do not determine the projected value as of some future date of the assets being awarded to each spouse and then compare those projected future values to determine if the awards are equitable in comparison to one another. Instead, courts typically assess the assets' current values and, based on such values, attempt to make an equitable division of those assets.
Because of the manner in which property divisions are made and evaluated, in order for a court to make a meaningful comparison of one spouse's award to the other spouse's award, it will be necessary *Page 5 
in some cases (especially in cases involving what are known as "defined benefit plans," see Presiding Judge Yates's special writing concurring in the result) to calculate the present value of future retirement benefits in order to be able to fairly evaluate whether a stated portion of those benefits, when added to the other assets being awarded, make for an award thatsatisfies the requirement that property divisions be equitable.See, e.g., Boykin v. Boykin, 628 So.2d 949 (Ala.Civ.App. 1993). This does not mean, however, that a calculation of present value will be necessary to satisfy the statutory requirements of §30-2-51(b).
In Section I of this court's opinion in McAlpine, we found fault with the fact that the trial court framed its award as a portion of the retirement annuity the husband would receive in the future, concluding that that award amounted to an award of "a percentage of the future value of the husband's retirement benefits, not its present value, which violates § 30-2-51(b)."McAlpine, 865 So.2d at 440-41. In Applegate, we relied uponMcAlpine and found fault with a similarly worded property division because of the wife's "failure to present the necessary evidence of the present valuation of retirement benefits."Applegate, 863 So.2d at 1124. After reflecting on this court's opinions in those two cases, I now realize that the problem with the judgments in both cases insofar as the restrictions contained in the first sentence of § 30-2-51(b) are concerned was not that the trial courts failed to receive evidence of, or failed to calculate, the present value of the husbands' retirement benefits (which, as discussed in Presiding Judge Yates's special writing concurring in the result, can become a very complicated and difficult exercise requiring the engagement of accountants or other experts), or that the trial courts failed to expressly couch their awards in terms of "present value." Rather, the problem in McAlpine was that, under the particular facts of that case (the husband was still working and therefore continuing to accumulate retirement benefits), the manner in which the trial court worded its award would capture the value of retirement benefits that would become vested after the complaint wasfiled. Likewise, in Applegate, the trial court awarded a percentage of benefits that would be vested as of a date afterthe filing of the complaint.[1] If the judgment in either case had simply awarded a percentage of whatever benefits were vested in the husband as of the date of the filing of the complaint for divorce (along with any subsequent interest on or appreciation in value of those vested benefits), the judgment would have been in compliance with the first sentence of §30-2-51(b).
In the present case, the husband argues that
 "[he] is not asking the court to ignore § 30-2-51, Ala. Code [1975], and award him any portion of the retirement accumulated before the marriage or in the two years since the final judgment of divorce. There is certainly no evidence of the contributions to the retirement since the final judgment of divorce, nor does there need to be. The court may simply award a specific percentage of the account that was accumulated between December 13, 1985, and February 5, 2001, as well as any appreciation thereon. The plan administrator can then calculate this specific amount the husband receives under the Qualified Domestic Relations Order (`QDRO')." *Page 6 
I believe the husband's argument to be meritorious insofar as it goes — that is, insofar as it addresses the statutory requirements at issue.
The problem for the husband on remand, however, may turn out to be that the record does not contain sufficient evidence from which the trial court can determine the equity of such an award. As noted, the division of property in a divorce judgment must be equitable. See, e.g., Boykin, 628 So.2d 949. On remand, the trial court may determine that, without more evidence as to the value of the retirement benefits attributable to the period during which the parties were married (as opposed to the value of the retirement benefits attributable to the periods before and after the parties' marriage), it cannot determine what would be an equitable division of those benefits. I do not construeWilkinson v. Wilkinson, 828 So.2d 924 (Ala.Civ.App. 2001) ("Wilkinson I") as requiring the trial court to structure a division of the wife's retirement benefits that could be inequitable or that would be based on speculation as to the value of the benefits awarded. See Wilkinson I, 828 So.2d at 928
("[w]e reverse the trial court's judgment and remand the case for the trial court to enter a more equitable order consistent with the holding in this opinion, being mindful of the age and health of the parties in its award of alimony and retirement benefits").
With the foregoing caveat, I concur in reversing the trial court's judgment and remanding this cause for compliance with the mandate in Wilkinson I.
[1] The complaint in Applegate was filed in September 2001, but the trial court awarded a "`percent[age] interest in the retirement of the [husband] as of June 10, 2002.'" Applegate,863 So.2d at 1124.