941 So.2d 967 (2005)
Randolph G. WILSON III
v.
Teresa L. WILSON.
No. 2030896.
Court of Civil Appeals of Alabama.
March 18, 2005.
Certiorari Denied May 12, 2006.
David B. Byrne, Jr., of Capell & Howard, P.C., Montgomery, for appellant.
*968 Floyd Minor and John Olszewski of Minor & Olszewski, L.L.C., Montgomery, for appellee.
Alabama Supreme Court 1040960.
PER CURIAM.
Randolph G. Wilson III ("the husband") and Teresa L. Wilson ("the wife") were married in December 1979. Two children were born of the parties' marriage; at the time of the hearing in this matter, one child, born December 9, 1985, had not reached the age of majority. In September 2003 the parties separated, and on October 1, 2003, the husband filed a complaint seeking a divorce. Shortly thereafter, the wife answered and counterclaimed for a divorce. After a trial, the court, on April 1, 2004, entered a judgment in which it awarded the wife primary physical custody of the parties' minor child and ordered the husband to pay monthly child support in the amount of $892 until the child reached the age of majority (approximately 8 months after the date of the divorce judgment). The trial court also ordered the husband to pay the remaining balance of the minor child's tuition at Macon East Academy. The trial court awarded the husband the marital home, a Ford pickup truck, a Dodge Ram pickup truck, and the Nissan Maxima automobile; the wife was awarded a Mazda automobile. The trial court held each party responsible for the debt held in their individual name and ordered the husband to pay the debt incurred by the parties on a joint credit-card account. The husband was also ordered to pay $5,000 towards the wife's attorney's fees.
The trial court awarded the wife all financial accounts in her name, including her 401(k) account, and one-half of the funds in the husband's Thrift Savings Plan. The wife was awarded $1,250 per month in periodic alimony. In addition to the periodic alimony, the trial court awarded the wife a portion of the husband's military retirement benefits as follows:
"[T]hat the parties having been married for more than twenty years of [the husband's] military service, [the wife] is awarded one-half of the gross amount to which [the husband] will be entitled when he reaches age 60 or otherwise becomes entitled to draw military retirement. Although this is an award of alimony in gross, if [the wife] still is entitled to receive periodic alimony from [the husband] at the time such retirement payments begin, her periodic alimony shall be reduced by the amount that she receives from his military retirement."
The husband filed a postjudgment motion. In his postjudgment motion, the husband asked the trial court to reconsider the amount of his child-support obligation, the division of the marital property, and the award of alimony. The husband specifically argued in his postjudgment motion that the trial court's judgment awarding the wife periodic alimony and one-half of his retirement benefits would financially "cripple" him. With regard to the trial court's award of periodic alimony and retirement benefits, the husband specifically stated that the judgment of the trial court "awards $1,250.00 to [the wife] in alimony which is to be reduced by the amount that [the husband] pays from his retirement of fifty percent, which would be greater than fifty percent of retirement income, and . . . would violate § 30-2-51(b)(3), Ala.Code 1975."
Following a hearing on the postjudgment motion, the trial court entered an order reducing the husband's monthly child-support obligation and denying any further relief requested by the husband. In its postjudgment order, the trial court attempted to clarify its April 1, 2004, judgment by stating:

*969 "[The husband] is unhappy that [the wife] was awarded permanent periodic alimony. He is upset that since his current Army retirement benefit is only about $1,300, and that since [the wife] is awarded half of that, he would have no means of support after Army retirement even with a dollar for dollar offset against alimony for what she would receive from his retirement.
"That might be true if he were to retire today. But he has another sixteen years within which to add on to his retirement benefit, plus the normal cost of living adjustments that traditionally have been made annually. His argument also assumes that [the wife] will be entitled to [periodic] alimony in 2020. She may remarry or there may be an adjustment for some other changed circumstance."
On appeal, the husband contends that the trial court's award of retirement benefits to the wife violates § 30-2-51(b), Ala. Code 1975, and that the trial court's division of property and award of alimony were inequitable. We first address the husband's contention on appeal that the trial court's award of retirement benefits to the wife is impermissible under § 30-2-51(b), Ala.Code 1975. That Code section provides:
"(b) The judge, at his or her discretion, may include in the estate of either spouse the present value of any future or current retirement benefits, that a spouse may have a vested interest in or may be receiving on the date the action for divorce is filed, provided that the following conditions are met:
"(1) The parties have been married for a period of 10 years during which the retirement was being accumulated.
"(2) The court shall not include in the estate the value of any retirement benefits acquired prior to the marriage including any interest or appreciation of the benefits.
"(3) The total amount of the retirement benefits payable to the non-covered spouse shall not exceed 50 percent of the retirement benefits that may be considered by the court."
In his brief on appeal, the husband argues, among other things, that the trial court's award of 50% of his retirement benefits to the wife violates subsections (2) and (3) of § 30-2-51(b). Initially, we note that the husband made no argument at trial or in his postjudgment motion that the trial court's award of retirement benefits violated § 30-2-51(b)(2). It is well settled that this court may not consider an issue raised for the first time on appeal. Somers v. McCoy, 777 So.2d 141, 143 (Ala. Civ.App. 2000) (citing Andrews v. Merritt Oil Co., 612 So.2d 409 (Ala. 1992)). "`This court will not hold a trial court to be in error unless that court has been apprised of its alleged error and has been given the opportunity to act thereon.'" Tillis Trucking Co. v. Moses, 748 So.2d 874, 882 (Ala. 1999)(quoting Sea Calm Shipping Co., S.A. v. Cooks, 565 So.2d 212, 216 (Ala. 1990)). Because the husband did not object at trial or in his postjudgment motion on the basis of a violation of § 30-2-51(b)(2), the trial court was never given an opportunity to rule on this issue and we cannot now hold the trial court in error on those grounds. See Tillis Trucking Co., supra.
However, in his postjudgment motion the husband specifically cited § 30-2-51(b)(3) as grounds for the trial court to reconsider its judgment awarding the wife 50% of the husband's retirement benefits. The husband argues on appeal that the wife failed to present evidence of the present value of his retirement benefits and that the trial court's judgment awards the *970 wife an amount in excess of 50% of his present retirement benefits as provided for in § 30-2-51(b)(3). As noted earlier, § 30-2-51(b)(3) provides that a trial court may award the present value of any future or current retirement benefits as long as the trial court's award of retirement benefits shall not exceed 50% of the retirement benefits that are considered a part of the marital estate.
The evidence presented at trial indicates that the husband joined the Army National Guard after the parties married. The husband remained employed with the National Guard during the course of the parties' marriage. According to the husband, he had accumulated "20 good years" towards retirement. The husband, who was 43 years of age at the filing of the complaint, is eligible to receive retirement benefits when he reaches 60 years of age. The husband testified that he had received a statement before trial that listed the value of his monthly retirement benefit at approximately $1,250 at the age of retirement; a copy of the statement was not submitted as an exhibit at trial.
In Applegate v. Applegate, 863 So.2d 1123 (Ala.Civ.App. 2003), we reversed the judgment of the trial court awarding the wife a portion of the husband's retirement benefits. In so holding, this court stated:
"The wife failed to prove the amount of and the present value of the benefits she was entitled to under the statute. The only evidence of record as to the amount of the husband's retirement was a document indicating his estimated monthly annuity if he retired on December 31, 2002. As we have recently held, the failure to present the necessary evidence of the present valuation of retirement benefits . . . prevents the trial court from exercising its . . . discretion to award one spouse any portion of the retirement benefits of the other spouse. McAlpine v. McAlpine, 865 So.2d 438 (Ala.Civ.App. 2002)."
863 So.2d at 1124. Relying on our decision in McAlpine v. McAlpine, 865 So.2d 438 (Ala.Civ.App. 2002) we remanded the case to the trial court for it to amend its judgment so as not to award the wife any portion of the husband's retirement benefits. Applegate, 863 So.2d at 1125.
Like the wife in Applegate, the wife in this case failed to produce sufficient evidence of the present value of the husband's retirement benefits. The only evidence adduced at trial regarding the value of the husband's retirement benefits was the husband's own testimony that, at some point before trial, he had received a statement estimating his monthly retirement benefit as $1,250 at age 60. Given the wife's failure to present sufficient evidence of the present value of the husband's retirement benefits, we must reverse the trial court's award of retirement benefits. Applegate, supra; see also McAlpine, supra.
Because we must reverse the award of retirement benefits, we pretermit discussion of whether the trial court's division of property and award of alimony were inequitable. On remand, the trial court may, on the basis of the reversal of its award of retirement benefits, reconsider its property division and alimony award.
The wife's motion for an attorney fee on appeal is denied.
REVERSED AND REMANDED.
THOMPSON, PITTMAN, and BRYAN, JJ., concur.
CRAWLEY, P.J., concurs in the result, with writing.
MURDOCK, J., concurs in the judgment of reversal only, with writing.
*971 CRAWLEY, Presiding Judge, concurring in the result.
Although I concur in the result of this opinion because I do not believe that the husband's failure to cite a specific subsection of the retirement-benefit statute in his arguments to the trial court to be fatal to his argument on appeal that the trial court's award of benefits to the wife violates the statute in several respects, I must respond to certain comments contained in Judge Murdock's special writing. That writing states that requiring evidence of the present value of retirement benefits places an additional burden, in both time and expense, on the trial courts and the parties seeking a divorce in which the division of retirement benefits is at issue. It is not within our purview to speculate about the burden of implementing the unambiguous language of an act passed by our legislature. In my opinion, the language of the statute requires that the present value of the retirement benefits at issue be proven; therefore, regardless of the expense or time involved, a party seeking an award of retirement benefits must establish the present value of those benefits. Accordingly, I agree that the trial court's award of benefits in the present case must be reversed.
MURDOCK, Judge, concurring in the judgment of reversal only.
The practical problem with this court's holdings in Applegate v. Applegate, 863 So.2d 1123 (Ala.Civ.App. 2003), and McAlpine v. McAlpine, 865 So.2d 438 (Ala.Civ. App. 2002), particularly with respect to cases involving what are known as "defined benefit plans," see Wilkinson v. Wilkinson, 905 So.2d 1, 13 (Ala.Civ.App. 2004) (Yates, P.J., concurring in the result), is that they put the trial court and/or the parties to the time, the effort, and the expense of retaining accounting or actuarial experts and preparing, presenting, and evaluating technical and complex evidence as to the present value of retirement benefits in every case. See id. Obviously, the lower the value of the benefits and other marital property that make up the marital res, the greater will be the relative burden imposed by this requirement.
In Wilkinson, 905 So.2d at 3 (Murdock, J., concurring specially), I offered a detailed exposition of the statutory language of § 30-2-51(b), Ala.Code 1975, that led me to conclude that that statute did not require the presentation of evidence of the present value of retirement benefits in every case. See also Dunn v. Dunn, 891 So.2d 891 (Ala.Civ.App. 2004). However, I also explained my view that, laying the statute to one side, the expenditure of time, effort, and money to adduce present-value evidence may in some cases be necessary to enable the trial court to fairly compare the value of all of the assets before it and fulfill its basic duty of making an equitable division of the marital property. See Wilkinson, 905 So.2d at 4-5 (Murdock, J., concurring specially). In my opinion, this is a case in which it was not necessary to expend such time, effort, and money in order to equip the court with the information it needed in order to make an equitable division of the marital property.
In his separate writing, Presiding Judge Crawley criticizes my comments above regarding the practical consequences of the interpretation given to § 30-2-51(b) in Applegate and McAlpine and states that "[i]t is not within our purview to speculate" about such matters. 941 So.2d at 971 (Crawley, P.J., concurring in the result). First, let me note that I do not speculate about anything in this case. My observation that time, effort, and expense will be associated with hiring, preparing, and presenting evidence from, and evaluating evidence from, one or more witnesses qualified *972 as experts in the fields of accounting or actuarial matters (much less the expense involved if both parties hire, and present evidence from, competing experts) is based simply on common sense, life experience, and my experience as a lawyer and as a judge. See also Wilkinson, 905 So.2d at 6 (Yates, P.J., concurring in the result).
Moreover, I believe that long-accepted and sound rules of legal analysis and statutory construction make it very much within our "purview" to comment on the practical consequences of our holdings. This and other appellate courts do this almost every day, including in cases in which statutory language is interpreted.
Thus, the legal analysis of § 30-2-51(b) set out in my writing in Wilkinson was not premised upon the practical consequences of the interpretation given to that statute in Applegate and McAlpine. Similarly, upon initially drafting the comments on those practical consequences that are contained in the first paragraph of this writing, I did not set out to utilize those consequences as the basis for my interpretation of the statute. Instead, it was initially my purpose merely to comment on the consequences of the court's holding, which, as noted, I believe to be reasonably within the purview of this or any other judge to do.
After reflecting further upon the issue of the practical consequences of the holdings in Applegate and McAlpine, however, I must now conclude that I was omissive in the analysis I offered in Wilkinson. I believe the practical consequences of one interpretation of § 30-2-51(b) over another interpretation should in fact bear on the search for the legislative intent of that statute. In Jefferson County v. Acker, 885 So.2d 739 (Ala. 2003), our Supreme Court wrote:
"`This Court has held that the fundamental rule of statutory construction is to ascertain and give effect to the intent of the Legislature in enacting a statute. IMED Corp. v. Systems Engineering Assocs. Corp., 602 So.2d 344, 346 (Ala. 1992). If possible, a court should gather the legislative intent from the language of the statute itself. Advertiser Co. v. Hobbie, 474 So.2d 93 (Ala. 1985). If the statute is ambiguous or uncertain, the court may consider conditions that might arise under the provisions of the statute and examine results that would flow from giving the language in question one particular meaning rather than another. Clark v. Houston County Comm'n, 507 So.2d 902, 903-04 (Ala. 1987). The legislative intent may be gleaned from the language used, the reason and necessity for the act, and the purpose sought to be obtained by its passage. Tuscaloosa County Comm'n v. Deputy Sheriffs' Ass'n of Tuscaloosa County, 589 So.2d 687, 689 (Ala. 1991) (citing Ex parte Holladay, 466 So.2d 956 (Ala. 1985)).'"
Jefferson County v. Acker, 885 So.2d at 742-43 (quoting Norfolk So. Ry. Co. v. Johnson, 740 So.2d 392, 396 (Ala. 1999)) (emphasis added). Likewise, in Ex parte Berryhill, 801 So.2d 7, 9-10 (Ala. 2001), our Supreme Court, noting that the "polestar of statutory construction is to ascertain and give effect to the Legislature's intent in enacting a statute," explained:
"`In deciding between alternative meanings . . ., we will not only consider the results that flow from assigning one meaning over another, but will also presume that the legislature intended a rational result, one that advances the legislative purpose in adopting the legislation, that is "workable and fair," and that is consistent with related statutory provisions.'"
*973 Ex parte Berryhill, 801 So.2d at 10 (quoting John Deere Co. v. Gamble, 523 So.2d 95, 100 (Ala. 1988)) (emphasis added).
On the basis of the foregoing, including particularly my concurring opinion in Wilkinson, I disagree with the main opinion's holding that the trial court erred in making a division of the husband's retirement benefits without requiring the parties to present evidence of the present value of those benefits.
Nonetheless, the trial court's judgment, in my opinion, is not without some error. The judgment, as worded, awards to the wife a portion (50%) of retirement benefits earned by the husband both before the marriage began and, if the husband continues working for the military following the divorce, after the marriage ends. While, for the reason explained in the main opinion, any error as to the trial court's award to the wife of a portion of any retirement benefits earned prior to the marriage has been waived by the husband, the same cannot be said as to the error in awarding to the wife a portion of the retirement benefits that may be earned by the husband after the marriage. See Wilkinson, 905 So.2d at 2-3. Section 30-2-51(b)(1), Ala.Code 1975, provides that retirement benefits to be awarded in a divorce must have been accumulated during the marriage. I would reverse the trial court's judgment and remand the cause for the trial court to enter a judgment consistent with this provision.