Robert M. Lollar ("the husband") appeals from a judgment entered by the Walker Circuit Court with regard to its award of a portion of his pension plan and a portion of an annuity to Tina M. Lollar ("the wife") and its award of postminority support for the younger of the parties' two children. We affirm the trial court's judgment.
 Procedural History
On March 25, 2005, the wife filed a complaint seeking a divorce from the husband. She requested custody of the parties' two minor children, child support, and postminority educational support. The husband answered the wife's complaint on July 13, 2005. Following ore tenus proceedings on November 27, 2006, the trial court entered a judgment on January 12, 2007, that, among other things, divorced the parties; awarded the wife a portion of the husband's pension plan and a portion of an annuity; awarded custody of the younger child to the wife and visitation to the husband; awarded $625 monthly to the wife as child support for the benefit of the younger child until the younger child marries, becomes self-sustaining, reaches the age of majority, or begins college; and awarded postminority support for both children.[1]
With regard to award of postminority support for the younger child, the judgment provided:
 "When [the younger child] begins college, the sum previously being paid by [the husband] for child support will be paid as `college expenses' and will be payable each month on the same date as the child support was previously paid and will continue each month thereafter until said child graduates from a regular college or university. At the beginning of each semester, [the wife] will advise [the husband] whether there is any difference in the `college moneys' paid on a monthly basis by [the husband] and his one-half obligations for those college expenses which are set forth in paragraph 3(b) below. If there is a difference in the sum as paid by [the husband] and in his obligation, [the wife] will submit to [the husband] a breakdown of the room, board, tuition, fees and books and said difference, in one-half of the college expenses and the amount paid toward such expenses monthly, will be paid by [the husband] within 15 days or receipt of the notice of such deficiency."
The judgment further provided:
 "[The younger child] will attend Bevill State Community College in the Fall of 2007 and hopes to become a veterinarian. [The younger child] possesses the intellectual ability and capacity to perform well in his college pursuits. The parties hereto will 50/50 divide the actual expenses of college education for [the *Page 760 
younger child] which will include room, board, fees, tuition and books as is envisioned in Ex parte Bayliss, 550 So.2d 986 (Ala. 1989), and the same will continue for four years, or until [the younger child] receives his undergraduate degree from a state supported college or university within the State of Alabama. [The younger child] shall be continuous in his attendance in college and shall maintain a `C average in his college pursuits."
On February 12, 2007, the husband filed a motion for a new trial or, in the alternative, to alter, amend, or vacate the judgment.[2] That motion was heard on May 10, 2007, and was subsequently denied by operation of law. See Rule 59.1, Ala. R. Civ. P. The husband timely appealed to this court.
 Relevant Facts
The parties married on October 2, 1995.[3] The parties had two children, who were ages 19 and 17, at the time of trial. The younger child was a senior in high school and was scheduled to graduate in 2007. Following graduation, the younger child planned to enroll at Bevill State Community College in the fall of 2007 to complete his basic courses before transferring to Auburn University. The younger child's date of birth is January 20, 1989. There was no dispute that the younger, child had the aptitude and desire to pursue postsecondary education. The wife testified that the younger child's tuition, fees, and books at Bevill State Community College would cost $1,675 per semester.
At the time of trial, the husband owned an annuity valued at $14,650.38 and a pension plan valued at $39,007.20. The parties agreed that both the annuity and the pension plan had been accumulated during the parties' marriage.
 Discussion
On appeal, the husband first argues that the trial court exceeded its discretion in the formula it used in calculating the postminority support it ordered the husband to pay for the younger child. Specifically, he argues that the trial court erred in using Rule 32, Ala. R. Jud. Admin., in calculating his postminority-support obligation. We note, however, that the husband failed to present this argument to the" trial court during the trial and during the postjudgment proceedings.
In Somers v. McCoy, 777 So.2d 141 (Ala.Civ.App. 2000), the mother argued that the trial court had erred by holding that the father was not obligated to pay postminority support for the parties' children "until they demonstrated a commitment to their education by first attending a year of college without any financial assistance from the father." 777 So.2d at 143. This court noted that the mother had not raised that issue before the trial court, at trial, or during the postjudgment proceedings. Because "[t]his court may not consider any issue raised for the first time on appeal," this court affirmed the trial court's judgment. Id. Similarly, in the present case, we cannot consider the husband's argument regarding the award of postminority support because it has been raised for the first time on appeal. Accordingly, we must affirm the trial court's judgment as to the award of postminority support. *Page 761 
The husband next argues that the trial court violated Ala. Code 1975, § 30-2-51(b)(1), by awarding the wife a portion of his pension plan and a portion of the annuity because, he says, the parties had separated after fewer than 10 years of marriage. We note, however, that, just as was the case regarding the issue of postminority support, the husband did not present this issue to the trial court during the trial or during the postjudgment proceedings. In fact, during the hearing on the husband's postjudgment motion, counsel for the husband stated that he did not "have any grounds to really object" as to this issue.
In Wilson v. Wilson, 941 So.2d 967 (Ala.Civ.App. 2005), the husband in that case argued on appeal that the trial court had violated Ala. Code 1975, § 30-2-51 (b)(2), by awarding a portion of his retirement benefits to his former wife.941 So.2d at 969. This court noted, however, that the husband inWilson had failed at trial and in his postjudgment motion to object to the trial court's award based on its having violated that Code section. Id. Accordingly, this court held that, because "the trial court was never given any opportunity to rule on this issue," "we cannot now hold the trial court in error on those grounds." Id. Similarly, in the present case, the trial court was not given an opportunity to address the issue whether its judgment violated § 30-2-51(b)(1). Therefore, we cannot hold the trial court in error on this issue.
Based on the foregoing, we affirm the judgment of the trial court.
AFFIRMED.
THOMPSON, P.J., and PITTMAN, BRYAN, and THOMAS, JJ., concur.
[1] The parties' older child had reached the age of majority by the time the divorce judgment was entered.
[2] Such a motion "shall be filed not later than thirty (30) days after the entry of the judgment." See Rule 59(b) and (e), Ala. R. Civ. P. Thirty days after the divorce judgment was entered was February 11, 2007; that day fell on a Sunday. Therefore, the motion was timely filed on February 12.See Rule 6, Ala. R. Civ. P.
[3] The parties had previously been married and divorced.