THOMAS, Judge.
 

 Harold Bernard Powe (“the husband”) and Corrine Powe (“the wife”) were married in January 1982. In June 2005, the wife moved out of the marital residence, prompting the husband to file a complaint seeking a divorce in November 2007. After a trial, at which only the two parties testified, the trial court entered a judgment divorcing the parties and dividing their property; the judgment further addressed, by agreement, custody of the parties’ minor child and child support.
 

 The trial court also awarded the wife $500 per month from the husband’s military-retirement benefits. The husband had retired from the military in 1999, after 20 years of service. He was receiving approximately $1,428 per month in combined military-retirement and military-disability benefits at the time of the divorce trial. The husband appeals the award to the wife of a portion of his military-retirement benefits, arguing that the award violates the requirements set out in Ala.Code 1975, § 30-2-51 (b), which permits a trial court to award one spouse a portion of the other spouse’s retirement benefits, subject to certain requirements.
 

 Section 30-2-51(b) reads:
 

 “(b) The judge, at his or her discretion, may include in the estate of either spouse the present value of any future or current retirement benefits, that a spouse may have a vested interest in or may be receiving on the date the action for divorce is filed, provided that the following conditions are met:
 

 “(1) The parties have been married for a period of 10 years during which the retirement was being accumulated.
 

 “(2) The court shall not include in the estate the value of any retirement benefits acquired prior to the marriage including any interest or appreciation of the benefits.
 

 “(3) The total amount of the retirement benefits payable to the non-covered spouse shall not exceed 50 percent of the retirement benefits that may be considered by the court.”
 

 The husband argues both that the wife failed to establish the present value of
 
 *637
 
 his military-retirement benefits and that the wife failed to establish the amount of those benefits that accrued during the parties’ marriage. Because the husband failed to argue to the trial court that the wife had failed to prove the amount of his military-retirement benefits that had accrued during the parties’ marriage, we cannot address that issue.
 
 See Killingsworth v. Killingsworth,
 
 925 So.2d 977, 983 (Ala.Civ.App.2005). However, the husband did raise in the trial court the issue whether the wife had proved the present value of his retirement benefits.
 

 In general, this court has held that the failure to establish the present value of the retirement benefits at issue precludes an award of a portion of those benefits under § 30-2-51(b).
 

 “In
 
 Wilson v. Wilson,
 
 941 So.2d 967 (Ala.Civ.App.2005);
 
 Applegate v. Applegate,
 
 863 So.2d 1123 (Ala.Civ.App.2003); and
 
 McAlpine v. McAlpine,
 
 865 So.2d 438, 440 (Ala.Civ.App.2002), this court held that, in order to support an award to one spouse of a portion of the other spouse’s retirement benefits pursuant to § 30-2-51(b), the spouse seeking such an award must introduce evidence establishing the ‘present value’ of the retirement benefits. Moreover, this court stated that ‘ “[t]he failure to present the necessary evidence of the present valuation of retirement benefits ... prevents the trial court from exercising its ... discretion to award one spouse any portion of the retirement benefits of the other spouse.
 
 McAlpine v. McAlpine,
 
 865 So.2d 438 (Ala.Civ.App.2002).” ’
 
 Wilson,
 
 941 So.2d at 970 (quoting
 
 Applegate,
 
 863 So.2d at 1124).”
 

 Brattmiller v. Brattmiller,
 
 975 So.2d 359, 362 (Ala.Civ.App.2007).
 

 More recently, however, in
 
 Campbell v. Campbell,
 
 41 So.3d 775, 784 (Ala.Civ.App.2009), in a case in which the retiree was already receiving benefits, we indicated that the present value of the retirement benefits was proved by establishing the amount of monthly benefits the retiree was receiving. The husband in the present case, like the husband in Campbell, is receiving monthly military-retirement benefits. However, unlike the husband in
 
 Campbell,
 
 the husband in the present case is also receiving, as a part of his monthly benefit of $1,428, disability benefits, which are not subject to division upon divorce.
 
 Stone v. Stone,
 
 26 So.3d 1232, 1238 (Ala.Civ.App.2009) (citing
 
 Mansell v. Mansell,
 
 490 U.S. 581, 584, 109 S.Ct. 2023, 104 L.Ed.2d 675 (1989)).
 

 Although the record does not contain a retirement statement indicating what portion of the husband’s benefits are retirement benefits and what portion are disability benefits, the parties’ joint tax return for 2006 indicates that the husband’s taxable pension benefits are $13,020 per year, or $1,085 per month. The remainder of the husband’s $1,428 in benefits, then, must be disability benefits, which are not taxable.
 

 Based on our holding in
 
 Campbell,
 
 the evidence at trial established the present value of the husband’s retirement benefits to be $1,085 per month. The award of $500 per month to the wife is less than 50% of the present value of the husband’s military-retirement benefits. Because the husband failed to argue to the trial court that § 30-2-51(b)(2) barred an award of his military-retirement benefits to the wife, we must affirm the award of $500 per month in military-retirement benefits to the wife.
 

 AFFIRMED.
 

 THOMPSON, P.J., and PITTMAN, BRYAN, and MOORE, JJ., concur.