PITTMAN, Judge.
After a marriage of 22 years, Cecilia R. Vaughn (“the wife”) brought an action in *943 the Houston Circuit Court seeking a divorce from Thomas DeWayne Vaughn (“the husband”), asserting as grounds incompatibility of temperament and an irretrievable breakdown of the marriage. She sought, among other things, an award of periodic alimony and, as a component of an equitable division of marital property, a portion of the husband’s armed-services-retirement benefits. The husband answered the complaint and asserted a counterclaim for a divorce on the same grounds. However, in her reply to several of the requests for relief set forth in the husband’s counterclaim, the wife asserted that the husband’s “numerous affairs” had been the precipitating cause of the breakdown of the marriage; the husband, in turn, subsequently amended his counterclaim to allege that the wife had engaged in extramarital sexual conduct with a number of people.
After an ore tenus proceeding, at which the wife, the husband, the parties’ minor child, and other witnesses testified, the trial court entered a judgment divorcing the parties on the ground of incompatibility of temperament. In pertinent part, the trial court in its judgment awarded the wife all personal property she had held before her marriage, a Lexus 300 motor vehicle (subject to any indebtedness thereon), all cash and funds on deposit in her name, and “rehabilitative” periodic alimony of $500 per month for a five-year period (subject to the right of the husband to set off one-half of any college expenses incurred by the parties’ child against his periodic-alimony obligation). Further, the trial court expressly awarded the husband all of his armed-services-retirement benefits, stating that the wife had “failed to prove the present value of’ those benefits and that, therefore, those benefits were “not subject to division.”
The wife timely appealed from the trial court’s judgment of divorce. She asserts that the trial court erred in determining that the husband’s armed-services-retirement benefits were not subject to division because of a failure to prove the present value of those benefits. She also asserts that the trial court’s award of a maximum amount of $500 per month in periodic alimony for a five-year period was not within the trial court’s discretion. We note that, “[o]n appeal, issues of alimony and property division must be considered together, and the trial court’s judgment will not be disturbed absent a finding that it is unsupported by the evidence so as to amount to an abuse of discretion.” Schado v. Schado, 648 So.2d 1169, 1170 (Ala.Civ.App.1994). “However, regarding a ques tion of law, this court indulges no presumption of correctness as to the trial court’s ruling.” Spuhl v. Spuhl, 99 So.3d 339, 341 (Ala.Civ.App.2012).
In her argument addressing the trial court’s decision to award the husband all of his armed-services-retirement benefits, the wife contends that, contrary to the trial court’s conclusion, she adduced sufficient evidence of the present value of those retirement benefits so as to render erroneous the trial court’s conclusion that those benefits were “not subject to division.” She correctly notes that the husband testified that (and the record contains income-tax returns filed by the parties reflecting that) he had received armed-services-retirement benefits of $45,179 during 2012. Although the husband contends in his brief that the wife “sought to take his future disability earnings,” the husband expressly denied at trial that any portion of the $45,179 he had been paid in pension income in 2012 was based upon a finding of disability. She asserts that, under our opinions in Campbell v. Campbell, 41 So.3d 775 (Ala.Civ.App.2009),[1] and Powe v. Powe, *944 48 So.3d 635 (Ala.Civ.App.2009), the trial court could not properly conclude that, as a matter of law, she had failed to demonstrate the “present value” of the husband’s armed-services-retirement benefits.
After a comparison of the facts of this case with those present in Campbell and Powe, we must agree with the wife that the trial court erred in concluding that the husband’s armed-services-retirement benefits were not subject to division as a matter of law because of a failure to prove their “present value.” In Campbell, a majority of this court affirmed an award of a portion of a divorcing former servicemem-ber’s armed-services-retirement benefits to the other spouse, reasoning that the former servicemember’s testimony concerning the amount of monthly retirement benefits that he had been receiving amounted to substantial evidence that the present value of the benefits -was that monthly payment amount. 41 So.3d at 781. In our subsequent unanimous opinion in Powe, we cited Campbell for the proposition that, “in a case in which the retiree [is] already receiving benefits ... the present value of the retirement benefits [is] proved by establishing the amount of monthly benefits the retiree [is] receiving”; we further noted that, although the former servicemem-ber in Powe, unlike the former service-member in Campbell, had been receiving both retirement and disability benefits, income-tax records indicating that the amount of taxable pension benefits received by the former servicemember in Powe over the course of a tax year was $13,020 per year “established the present value of’ the pertinent retirement benefits. 48 So.3d at 637.
The record in this case contains adequate (and, indeed, undisputed) evidence of the “present value” of the husband’s armed-services-retirement benefits, i.e., $45,179 per year, or approximately $3,764.92 per month. We must therefore conclude that the trial court erred as a matter of law in concluding that the wife “failed to prove the present value of’ the husband’s armed-service-retirement benefits and in determining that the wife was, for that stated reason, necessarily entitled to no portion of those benefits. The judgment as to that issue is due to be, and is, reversed. Further, as we noted in Spuhl, supra, “ ‘ “[m]atters of alimony and property division are interrelated, and the entire judgment must be considered in determining whether the trial court abused its discretion as to either of those issues.” ’ ” 99 So.3d at 342 (quoting Kreitzberg v. Kreitzberg, 80 So.3d 925, 933 (Ala.Civ.App.2011), quoting in turn Henderson v. Henderson, 800 So.2d 595, 597 (Ala.Civ.App.2000)). Because we are reversing the trial court’s judgment as to its division of property, we likewise reverse that court’s periodic-alimony award while pre-termitting consideration at this time of the merits of the wife’s issue regarding the correctness of the trial court’s periodic-alimony'award. See Spuhl, 99 So.3d at 342. The cause is remanded for the trial court to reconsider whether to award the wife an equitable portion of the husband’s armed-services-retirement benefits and the equity of awarding periodic alimony in the amount and duration previously set forth in the trial court’s judgment.
REVERSED AND REMANDED WITH INSTRUCTIONS.
THOMPSON, P.J., and THOMAS, MOORE, and DONALDSON, JJ., concur.

. Campbell was overruled as to a separate issue in A.B. v. J.B., 40 So.3d 723 (Ala.Civ.App.2009).